### FIDELITY UNION CASUALTY CO. v. MARTIN.

#### No. 8706.

Court of Civil Appeals of Texas. San Antonio. Dec. 23, 1931.

Rehearing Denied Jan. 20, 1932.

Collins & Houston, of Dallas, for appellant.

T. A. Bledsoe, of Abilene, and E. E. Clack, of Dallas, for appellee.

SMITH, J.

This is an action by the widow of a deceased employee to recover under the provisions of the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.). The employee, Robert Martin, died suddenly after moving a bale of cotton by hand truck in the course of his employment with an insured employer. His widow, Mrs. Martha Martin, recovered judgment in a proceeding conceded to have been regularly instituted in the court below, and the insurer, Fidelity Union Casualty Company, has appealed.

■ In its first assignment of error appellant complains of the admission of the testimony of a physician, in response to a hypothetical question propounded to him by appellee, that in his opinion the cause of the employee's death was a rupture of blood vessels caused by an overstrain at lifting the cotton bale. Appellant's contention is that the testimony invaded the province of the jury and determined the very issue to be determined by the jury; that it was an opinion upon a mixed question of law and fact properly determinable by the court and jury, and not by any witness. We overrule this assignment. It was clearly within the province of the medical expert witness to testify what in his opinion induced the stroke of apoplexy which, it is conceded, was the immediate cause of the employee's death on this occasion. Security Union Ins. Co. v. Alsop (Tex. Civ. App.) 1 S.W.(2d) 921, and authorities there cited.

■■ The record seems to conclusively establish, and appellant concedes it to be a fact, that the employee died as a result of an apoplectic stroke. The evidence was sufficient to further show, if it did not conclusively establish, that the stroke was brought about by the bursting of a blood vessel. And so was there evidence to show that the bursting of the blood vessel was occasioned by an overstrain in moving the bale of cotton. Upon this state of facts the trial court submitted the matter of appellant's liability in two special issues: First, "Of what did Robert Martin die?" To which the jury answered, "Apoplexy." And, second, "Did the work in which Robert Martin was engaged at the time of his death contribute to bring about his death?" To which the jury answered in the affirmative. Appellant objected to the submission of these two issues, to the first upon the ground that "the issue presented by the pleadings being whether or not said Robert Martin suffered an injury in the course of his employment, that is, damage or harm to the physical structure of the body originating in the employment, and that the issue as submitted was too general in its terms to correspond to the issue made by the pleadings"; and to the second upon the ground that said issue "propounded to the jury an immaterial question an answer to which could not form the basis of a judgment, the issue presented by the pleadings and the law being whether or not Robert Martin suffered a personal injury, meaning damage or harm to the physical structure of the body, which originated in his employment and resulted in his death." As a basis for placing liability upon appellant, appellee alleged in her trial petition that: "The said Martin was employed as a general workman and it was his duties to truck cotton and load cotton in and about the premises of his said employer, that while engaged in the work of trucking and loading cotton it was necessary for the plaintiff to lift bales of cotton weighing four or five hundred pounds and place them on a truck or device for the purpose of moving bales from place to place about the said premises and on the said platform of the employer, that while thus engaged in lifting and trucking said bales of cotton the said Robert B. Martin either ruptured a blood vessel in the brain or a vessel of some organ of the heart or suffered some other internal injury unknown to defendant, and died immediately thereafter; that said accident and injury and resulting death of the said Robert B. Martin was the direct and proximate result of the strain and effort required to lift said bales of cotton and to truck them about."

Appellant complains of this character of submission in its second and third assignments of error.

Obviously this question of appellant's liability was at least awkwardly submitted in the two quoted issues. This submission elicited two findings: First, that the employee died of apoplexy; and, second, that the work he was engaged in at the time "contributed to bring about his death." These two findings, considered alone, are insufficient to establish liability in a compensation case, for the true basis of such liability is "'harm or damage to the physical structure of the body' from the employee's movement at the time" and in the course of his employment with the subscriber. Cas. Co. v. Flores (Tex. Com. App.) 1 S.W.(2d) 260, 261. We conclude, however, that these findings, when considered along with conceded or undisputed facts, are sufficient to satisfy the requirements of the compensation statute. It is undisputed that the employee's death actually occurred while he was at work in the proper course of his employment with the subscriber; that he died from the effects of a stroke of apoplexy, as found by the jury; that the apoplectic stroke resulted from the bursting of a blood vessel. The testimony showed that the rupture of the blood vessel could be and probably was caused by an overstrain in moving an unusually heavy bale of cotton, which evidence was sufficient basis for the jury finding that the work the employee was engaged in at the time "contributed to bring about his death." We think these findings, when coupled with the undisputed facts stated, show a compensable injury. Ins. Co. v. Owens (Tex. Civ. App.) 198 S. W. 662.

The case was submitted to the jury upon five special issues, as follows:

"1. Can you from a preponderance of the evidence determine the cause of the death of Robert Martin?

"2. Of what did Robert Martin die?

"3. Did the work in which Robert Martin was engaged at the time of his death contribute to bring about his death?

"4. What sum of money do you designate as the average weekly wages of the deceased, Robert B. Martin, which you may deem just and fair to both parties, plaintiff and defendant?

"5. Is this a case where in your judgment manifest hardship and injustice will result to the defendant, Mrs. Martha Martin, if she fails to recover the compensation herein in a lump sum?"

In response to the special issues submitted to them the jury found, as stated in appellant's brief: "That they could determine the cause of the death from a preponderance. of the evidence, that Robert Martin died of apoplexy, that the work in which he was engaged at the time of his death contributed to bring about his death."

Now, it is contended by appellant in its fourth assignment of error that the trial court should have affirmatively instructed the jury that the burden of proof was upon appellee to establish the facts sought to be elicited in answer to questions 1 and 2; that by specifically instructing the jury that the burden rested upon appellee with reference to the remaining questions, 3, 4, and 5, and by excluding questions 1 and 2 from that instruction, the court by implication shifted the burden to appellant as to those two issues. We conclude there is no merit in this contention. The jury were specifically required to find their answer to the first special issue "from a preponderance of the evidence," which as a practical matter placed the burden upon appellee, and was sufficient compliance with the burden of proof rule. Hebert v. Casualty Co. (Tex. Com. App.) 1 S.W.(2d) 608; Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210; Ry. v. Stribling (Tex. Civ. App.) 293 S. W. 890; O'Brien v. McDow (Tex. Civ. App.) 8 S.W.(2d) 561. Besides, the evidence conclusively shows, and appellant seems to concede, that the employee died as a result of a stroke of apoplexy, and the jury could have returned no other answers than those given to questions 1 and 2. Appellant's fourth assignment of error is overruled.

The jury were not required to find upon the specific issue of whether the decedent's death resulted from accidental injuries sustained by him in the course of his employment. The jury did find, however, that the work in which decedent "was engaged at the time of his death contributed to bring about his death," and the trial judge concluded, and stated in the judgment, that decedent "suffered an accidental fatal injury." It was conclusively shown by the undisputed evidence that decedent met his death in the course of his employment with the subscriber. This fact, coupled with the findings of the jury that decedent died of apoplexy, and that the work in which he was engaged at the time "contributed to bring about his death," established as a matter of law that his death was caused by accidental fatal injuries sustained by him in the course of his employment, whereby the case was established within the contemplation of the Compensation Act. From these conclusions we overrule appellant's fifth, sixth, and seventh assignments of error.

The judgment is affirmed.

The original opinion is withdrawn and the foregoing substituted in lieu thereof.