## MARYLAND CASUALTY CO. v. GUZMAN.
### No. 9476.

Court of Civil Appeals of Texas. San Antonio.

Jan. 9, 1935.

Rehearing Granted Feb. 6, 1935.

Rehearing Denied Feb. 20, 1935.

R. H. Mercer, of San Antonio, for appellant.

D. B. Kirkham, John J. Pichinson, and Lewis H. Jones, all of Corpus Christi, for appellee.

SMITH, Justice.

This is a Workmen's Compensation case, in which Arturo Guzman was the employee, the Corpus Christi Warehouse & Storage Company the employer, and Maryland Casualty Company the insurer. The action was brought by Adelina Guzman as the common-law wife of the employee, to recover compensation for his death occasioned by alleged accidental injuries sustained by him in the course of his employment. Adelina Guzman recovered, and the casualty company has appealed.

Guzman's death occurred within forty minutes after the term of his employment began. He was thirty-one years of age at the time of his death. He went to work at 7:30 o'clock one morning, and was first assigned, with a fellow employee, to the labor of hauling sacks of green coffee, each sack weighing 145 pounds. The two men together would lift one sack from the ground and place it in a truck, so that each lifted 72½ pounds in each operation. In this way the two men loaded thirty-five sacks into the truck, within the space of ten or fifteen minutes. They then drove the truck to the unloading place, which required ten minutes, and there unloaded the sacks by pushing them from the truck. They then returned in the truck to the loading station, and began loading other sacks. When, in a period of about ten minutes, they had loaded eight sacks, Guzman suddenly complained of having a "spell," and, gasping for breath, sank to the ground and died.

The evidence shows that up to the time of his death in this manner Guzman had not been "sickly," but had always enjoyed good health. An autopsy revealed that at the time of his death all his organs were in a healthy condition, and were functioning properly, except his heart, which was enlarged to twice its normal size, and its walls and valves

"thickened," although the valves were functioning normally.

The autopsy also revealed marked "fragmentation," that is, rupture of the heart fiber, to which Guzman's death was attributed by apparently conclusive evidence. The evidence showed, further, that a person whose heart is affected as Guzman's was might live on for many years, but that death may occur at any time from anger or other emotional strain, or from overeating, or excessive physical or mental exertion. The evidence went further, however, and excluded all causes other than overexertion, and seems to have established, overwhelmingly, that excessive physical strain and exertion, in doing the heavy work he was engaged in, caused the rupture of the heart fiber which concededly and directly and immediately brought about Guzman's death.

■ In its first, second, third, and fourth propositions appellant contends that there was no jury finding that the employee's death was due to injury sustained in the course of employment, and that in the absence of such finding there was no basis for the judgment awarding compensation. The jury found, specifically, that Guzman "received an injury in the course of his employment," and, further, that his death was not "due to a cause other than an injury sustained by him" in the course of said employment. Appellant contends that these two findings were not sufficient to show that the death was due to such injury; that, to support the judgment, it was incumbent upon appellee to go further and elicit a specific finding of that fact. It is true, of course, that appellee could recover only upon an affirmative showing that the employee's death was occasioned by an injury sustained in the course of his employment. But we conclude that such requirement was substantially met in this case. The jury found, upon sufficient evidence, that the employee sustained an injury in such course. The record conclusively shows that this injury was to the heart, and that the heart injury resulted in instant death; that the two events, the injury and death, occurred at the same time and were inseparable. It was not necessary to elicit a specific finding that death resulted from the injury, for that fact was so indubitably established as to make it a matter of law, which the court would have given effect, without occasion for a futile jury finding thereon. Moreover, the further specific finding that the death was due to no other cause than the injury established by the first finding efficiently supplied the finding that death was due to the injury. Fidelity Union Cas. Co. v. Martin (Tex. Civ. App.) 45 S.W.(2d) 682, 683; Hoover v. Hamilton (Tex. Civ. App.) 14 S.W.(2d) 935. We overrule appellant's first, second, third, and fourth propositions, as well as the tenth and eleventh, for like reasons.

■ We overrule appellant's fifth proposition, in which complaint is made that in reading the petition to the jury appellee's counsel read a stricken clause to the effect that the Industrial Accident Board had "handed down an award for the benefit" of appellee "and denied an award to" other claimants of compensation accruing by reason of Guzman's death. The record shows, beyond question, that the objectionable clause in the pleading did not register upon the consciousness of any of the jurors when it was inadvertently read by counsel, and that the error was therefore quite harmless.

■ In appellant's sixth and seventh propositions it is asserted that the judgment cannot stand because not supported by proof, and a finding thereon, that the insurance policy sued on was issued and carried by appellant. The proposition rests upon a false premise. Proof that the risk was covered by policy issued and carried by appellant was made in the manner specifically prescribed by our statute (Rev. St. 1925, art. 8308, as amended [Vernon's Ann. Civ. St. art. 8308]), article 8309, R. S. 1925, and article 8307, § 8, as amended by Acts of 1931, 42d Leg., p. 132, c. 89 [Vernon's Ann. Civ. St. art. 8307, § 8]), and was conclusive in the absence of sworn denial by appellant, as prescribed in those statutes. Texas Employers' Ins. Ass'n v. Bradford (Tex. Civ. App.) 62 S.W.(2d) 158; Texas Employers' Ins. Ass'n v. Trotter (Tex. Civ. App.) 54 S.W.(2d) 1023; Texas Indemnity Ins. Co. v. Wilson (Tex. Civ. App.) 281 S. W. 289.

■ The trial judge submitted the cause upon special issues, accompanied by appropriate instructions and accurate definitions, of which no complaint is made here. Among other issues submitted was No. 5, inquiring, "Do you find from a preponderance of the evidence that Arturo Guzman, on or about April 6th, 1933, received an injury in the course of his employment?" Appellant requested and the court refused to give this issue: "If you have found that the deceased, Arturo Guzman, was injured while engaged in performing the duties for which he was employed by the Corpus Christi Warehouse &

 Company, then do you further find from a preponderance of the evidence that such injury arose out of or originated in the work of the employer?" The issue given, when considered in connection with the instruction accompanying it, was the same as that requested by appellant, which the court properly refused. We overrule appellant's eleventh proposition.

██ Appellant requested and the court refused to give the issue, "Do you find from the preponderance of the evidence that the sole cause of Arturo Guzman's death was due to a heart disease?" There was no evidence in the record that heart disease was the sole cause of Guzman's death. On the contrary, the undisputed evidence was that he could and probably would have lived for many years, unless his death be precipitated by one or the other of the specific inducements mentioned in the testimony, including unusual or excessive exertion; and it was conclusively shown that the lifting of the heavy weight of so many sacks of coffee within such a short period of time induced the rupture of the heart fiber, which caused the death. If the requested issue had been answered in the affirmative by the jury, the answer could not have stood, for the want of testimony to support it. The court therefore did not commit reversible error in refusing to submit that issue. Moreover, the jury found that the employee suffered an accidental injury in the course of his employment, and, in response to issues submitted upon appellant's request, they further found that the death was not due to a heart disease of long standing, or to any cause other than said injury. Appellant's eighth proposition is overruled.

██ Appellant also requested and the court refused submission of the issue, "Do you find from the preponderance of the evidence that the sole cause of Arturo Guzman's death was due to heart failure?" Appellant complains of the rejection of this issue, under its ninth proposition. No reversible error is shown by this proposition, for the reasons stated in overruling appellant's eighth proposition, next above. Moreover, a finding that Guzman's death was due solely to heart failure would not have affected the judgment, for "heart failure" is a precedent of every death from whatever cause. The evidence conclusively shows that while the employee was engaged in his strenuous task, and as a consequence of it, the fiber of his heart gave way, was ruptured, the heart ceased to function, "failed," in consequence of the rupture,

and death ensued in natural sequence. We overrule appellant's ninth proposition.

██ In its twelfth and thirteenth propositions appellant challenges the sufficiency of the evidence to show that the employee died as a result of injuries received in the course of his employment. There is no merit in this contention. The evidence was conclusive upon that point. The employee was shown to have entered upon his employment at 7:30 a. m.; that he was at once set to the strenuous task of lifting 145-pound sacks, with a fellow servant's help; that during the next twenty or twenty-five minutes working time, or forty or forty-five minutes in all, he lifted forty-three of those heavy weights; that this strenuous and unusual exercise was too much burden to place upon an abnormal heart such as his was; that the overexertion ruptured his heart fiber, and brought about his instant death while actually and actively engaged in the work to which he had been assigned in due course of his employment.

The cause appears to have been fairly tried. The evidence was overwhelming that the employee received an accidental injury in the course of his employment, within the contemplation of the Compensation Law; that the specific injury caused his death; and that his beneficiary was entitled to the award made below. The record presents no errors that warrant reversal of the judgment, which is affirmed.

### On Motion for Rehearing.

██ We have concluded, upon rehearing, that the judgment must be reversed, upon the grounds urged in appellant's first, second, third, fourth, and eleventh propositions, that appellee was not entitled to recover in the absence of any jury finding, or request therefor by appellee, that the employee's death was caused by accidental injury incurred in the course of his employment. We conclude, upon the record made, that the trial court could not assume, nor may this court assume, that essential fact.

██ As the questions raised in appellant's fifth, sixth and seventh propositions will probably not recur upon another trial, they need not be further discussed here, but we deem it proper to suggest generally, in view of another trial, that the duty rests upon the plaintiff in compensation cases to elicit jury findings of every ultimate fact essential to an award of compensation; and that the insurance carrier is entitled, upon proper request, to a jury finding upon every defensive issue

relied upon by him, which is supported by material evidence. These suggestions are made in view of appellant's eighth and ninth propositions.

Appellant's motion for rehearing will be granted, and the judgment reversed, and the cause remanded.