## COMMERCIAL STANDARD INS. CO. v. NOACK.

### No. 1695—6207.

Commission of Appeals of Texas, Section A.
June 27, 1933.

D. A. Frank, W. P. Bondies, Touchstone, Wight, Gormley & Price, Hobert Price, and W. L. Ferrill, all of Dallas, and W. P. Maddox, of Tahoka, for plaintiff in error.

R. A. Baldwin, of Slaton, for defendant in error.

CRITZ, Judge.

This is a compensation case. The suit was instituted in the district court of Lynn county, Tex., by Commercial Standard Insurance Company to set aside an award of the Industrial Accident Board against it, and in favor of Alexander Noack, on account of injuries alleged to have been received by him while employed by Snowden-Chevrolet Company of Tahoka, Tex., as an auto mechanic. The Snowden-Chevrolet Company was engaged in the business of selling automobiles and operating a garage, and it carried compensation insurance for the protection of its employees with the above-named insurance company. Noack filed his answer, and cross-action, in which he sought compensation on the theory that he had been permanently and totally disabled by inhaling carbon monoxide gas from the exhaust pipe of an automobile while he was thereunder repairing the same with the engine running at the time.

The case was submitted to a jury on special issues in the district court. In response to proper questions the jury found that Noack was injured on February 15, 1930, in the course of his employment; that his injuries resulted in total incapacity; that such incapacity was permanent; and that he should recover in a lump sum. This verdict entitled Noack to compensation for 401 weeks.

Based on the above verdict the district court rendered a judgment for Noack for 56 weeks' matured compensation at the rate of $17.31 per week, with accrued interest there-

on, in the aggregate sum of $1,001. The court also rendered judgment in a lump sum for the remaining 345 weeks at the same rate per week discounted at 6 per cent. The judgment adjudged one-third of the recovery to Noack's attorney. Later, Noack and his attorney remitted, in the district court, the part of the judgment which decreed a lump-sum settlement for the unmatured compensation for the 345 weeks. The insurance company appealed from the above judgment to the Court of Civil Appeals, which court in all things affirmed the judgment of the district court. 45 S.W.(2d) 798. The insurance company brings error.

At the request of the insurance company the trial court submitted to the jury the following as special issue No. 3: "Was the defendant, Alexander Noack, suffering from mitral regurgitation of the heart on and immediately prior to February 15, 1930? Answer 'Yes' or 'No' as you shall find." The jury did not answer the above question, and the insurance company assigns as error the action of the trial court in entering judgment for Noack, notwithstanding the failure of the jury to answer such question.

The insurance company requested the trial court to submit to the jury the following as special issue No. 4: "Was the condition of Alexander Noack's heart, which you have found in response to the preceding issue, the producing cause of his incapacity, if any, you have found?" The above-requested issue was refused by the trial court and proper exception taken.

We treat the two above assignments together because they relate to the same law question. We shall later demonstrate that question No. 3 is meaningless without the submission of requested question No. 4. We shall also later demonstrate that question No. 4 is defective.

■ In a case of this kind the burden is on the claimant to establish, by competent evidence, his right to compensation. Also it was the right of the insurance company to have the question as to whether Noack was suffering from heart trouble, and whether his injuries, if any, resulted solely therefrom, directly and affirmatively submitted to the jury, if the pleadings and the evidence raised such question. Dallas Ry. & Term. Co. v. Garrison (Tex. Com. App.) 45 S. W.(2d) 183 (opinion approved); Armour & Co. v. Tomlin (Tex. Com. App.) 60 S.W.(2d) 204. The insurance company filed a general denial. This was a sufficient pleading on its part.

■ As we interpret its opinion, the Court of Civil Appeals holds that no error was committed by the trial court in entering judgment in spite of the failure of the jury to answer special issue No. 3, supra, because there is no competent evidence in the record tending to show that Noack had mitral regurgita-

tion of the heart at or before the time of the alleged injury. We are of the opinion that the above matters do not present reversible error under the condition of this record, as we will later demonstrate; but we do not agree with the holding that there is no competent evidence in the record bearing on such issues.

In connection with the above we call attention to the fact that Dr. Surman, a witness for Noack, testified: "Mr. Noack came to see me claiming to have inhaled some gas from an automobile. I am of the opinion that Mr. Noack had a heart condition, not severe enough to cause discomfort before the gasing, and that it was aggravated by inhaling the gas."

Also the record shows that Noack, in September, 1930, signed, and made affidavit to, a claim for compensation as a disabled World War veteran. This application must be treated as a written declaration by Noack as against his own interest in so far as the matter under discussion is concerned. An examination of this instrument discloses that he therein claimed compensation as a disabled World War veteran, and we interpret this instrument to state that he sustained mitral regurgitation while in the army, and that he was disabled therefrom when he was discharged. He was discharged long prior to February 15, 1930.

Mr. Hoffman, the notary who took Noack's affidavit to the above application, was sworn as a witness for the insurance company, and testified, in effect, that he read the instrument over to Noack at the time he signed it. In this connection Hoffman testified: "I read all of the questions and answers to him." Hoffman then testified that he saw Noack sign the instrument. In addition to the above, Drs. Grigsby, Webb, and Marshall, witnesses for the insurance company, all qualified as experts, and in response to proper questions testified, in effect, that carbon monoxide gas could not have seriously injured Noack by his breathing it in the way and under the circumstances contended for by him. Dr. Marshall particularly gave testimony to the effect that Noack's condition was not due to inhaling carbon monoxide gas, but was due solely to his heart condition.

It is evident from the above statement that we hold that the Court of Civil Appeals was in error in holding that there is no evidence in the record tending to show that Noack's condition was due solely to regurgitation of the heart, and not to carbon monoxide gas. In this connection we hold that this is true even if the United States Army records not signed by Noack are regarded as inadmissible as hearsay evidence.

■ In spite of the fact that we hold that the Court of Civil Appeals was in error in holding that there was no evidence calling for

the submission of the above matters, still we think that in the condition this record is in the assignments under discussion do not present reversible error. This is because neither the issue submitted, nor the one refused, call for a finding as to sole cause. It follows that had the jury answered the issue submitted, "Yes," and had the issue refused been submitted, and also answered, "Yes," the result of the verdict would still be for Noack. Armour & Company v. Tomlin, supra. Also see opinion of the Court of Civil Appeals in the same case and authorities there cited. 42 S.W.(2d) 634.

■■ In connection with the above we hold that it is the settled law of this state that liability for damages for personal injury cannot be avoided by merely showing that the person injured was not a well person at the time of injury. Stated in another form, where injury is sustained by an employee in the course of his employment which results in his disability within the meaning of our Compensation Law, compensation therefor will not be denied, notwithstanding said injury is aggravated or enhanced by the effect of diseases existing at the time, or afterwards occurring. Armour & Company v. Tomlin, supra. See both the opinion of the Commission and the Court of Civil Appeals in the above case, and authorities there cited. The opinions just cited involve ordinary negligence cases, but there is no reason why the rule should not apply with equal force to compensation cases.

Granting that the evidence is the same on another trial of this case in regard to the matters just discussed, we hold that the question involved in the two issues should be submitted directly to the jury; but the issue of sole cause should be embodied therein.

■ The trial court submitted the following special issue to the jury: "Was the defendant, Alexander Noack, injured on or about February 15, 1930, in the course of his employment with Snowden-Chevrolet Company?"

The court's charge nowhere contained a definition of the term "injury" used in the above issue. The insurance company duly and seasonably excepted to the charge for its failure to define such term. This was error. Article 8309, subdivision 5, part 4, R. C. S. 1925; Associated Indemnity Corporation v. Wilson (Tex. Civ. App.) 41 S.W.(2d) 143, and authorities there cited.

In connection with the above we call attention to the fact that the terms "injury" and "personal injury" are not used in their ordinary sense or meaning, in our compensation laws, but are used in a somewhat restricted and technical sense. This being true, the statutory definition of the term "injury" should have been given in the court's charge. In this connection we quote the statutory definition of the term "injury" and "personal injury": "The term 'injury' or 'personal injury' shall be construed to mean damage or harm of the physical structure of the body, and such diseases and infection as naturally result therefrom."

■ As we interpret its opinion, the Court of Civil Appeals holds that the trial court did not commit error in refusing to define the term "injury," as used in the above-quoted special issue, because it is conceded by the record that Noack was injured. We think we have already demonstrated that the issue of injury was sharply contested. For the purposes of this discussion we will concede that the evidence shows that Noack was disabled from labor, but he alleges that such disability resulted from inhaling carbon monoxide gas while working on an automobile with the engine thereof running. He must recover, if at all, under the allegations of his petition. In this connection we think the evidence, even if we eliminate the United States Army records not signed by Noack, is sharply conflicting on the question as to whether Noack was injured by breathing carbon monoxide gas. This being true, it was important for the jury to understand the legal meaning of the term "injury."

■■ The application urges as reversible error certain alleged improper arguments indulged in by counsel for Noack in his address to the jury. These matters will probably not occur on another trial, and we therefore do not pass on the assignments presenting them. We wish to remark, however, that counsel should confine his remarks to the jury to a legitimate discussion of the case as presented by the record.

For the error in refusing to define the term "injury" we recommend that the judgments of the Court of Civil Appeals and district court be both reversed, and the cause remanded to the district court for a new trial.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.