ADELINA GUZMAN V. MARYLAND CASUALTY COMPANY.

No. 6898. Decided July 14, 1937.
(107 S. W., 2d Series, 356.)

*Jones & Kirkham* and *John J. Pichinson,* of Corpus Christi, for plaintiff in error.

In a workmen's compensation case where death immediately follows the injury, a finding of the jury that the injury was sustained in the course of employment and that employee's death was not due to a cause other than an injury sustained while engaged in the performance of his duties, constitutes a decisive

and conclusive finding by the jury that the employee's death was caused by accidental injury incurred in the course of his employment; and it is improper for the court to again submit the same issue to the jury in some other form or to submit the same issue in both the affirmative and the negative. Hoover v. Hamilton, (writ refused) 14 S. W. (2d) 935; Texas Emp. Ins. Assn. v. White, 32 S. W. (2d) 955; Texas Emp. Ins. Assn. v. Moyers, 69 S. W. (2d) 777.

*R. H. Mercer*, of San Antonio, for defendant in error.

The plaintiff's right to recover against defendant for death caused by injury under the Workmen's Compensation Law of Texas was waived when the trial court did not submit nor did plaintiff request the submission of whether or not death was caused by injury. Ormsby v. Ratcliffe, 1 S. W. (2d) 1084; Norwich Union Ins. Co. v. Chancellor, 5 S. W. (2d) 494; Associated Ind. Corp. v. Wilson, 41 S. W. (2d) 143.

MR. JUSTICE SHARP delivered the opinion of the Court.

This case arose under the Workmen's Compensation Law (Art. 8306 et seq., Revised Civil Statutes). Arturo Guzman was an employee of the Corpus Christi Warehouse & Storage Company, and died while in the course of his employment. The Maryland Casualty Company was the insurer. Adelina Guzman, as the common law wife of Arturo Guzman, brought this action to recover compensation for the death of Arturo Guzman. She recovered judgment for the sum of $2,144.26, with interest thereon at six per cent. per annum. The Maryland Casualty Company appealed to the Court of Civil Appeals, and the judgment of the trial court was reversed and the cause remanded. 79 S. W. (2d) 330. We refer to the opinion of the Court of Civil Appeals for a more detailed statement of the facts involved. A writ of error was granted.

Plaintiff in error, on the one hand, contends that the Court of Civil Appeals erred in holding that there was no finding by the jury that the employee's death was caused by accidental injury incurred in the course of his employment, because under the issues submitted to the jury such finding was clearly made by the jury. Defendant in error, on the other hand, contends that plaintiff in error was not entitled to recover, in the absence of any jury finding, or request therefor by plaintiff in error, that Arturo Guzman's death was caused by accidental injury occurring in the course of his employment.

The case was submitted to the jury on special issues. Among others, the following three special issues were submitted to the jury:

Special Issue No. 5:
"Do you find from a preponderance of the evidence that Arturo Guzman, on or about April 6th, 1933, received an injury in the course of his employment?"
Answer: "Yes."

Special Issue No. 9:
"Do you find from a preponderance of the evidence that the death of Arturo Guzman was due to a cause other than an injury sustained by him while engaged in the performance of his duties for the Corpus Christi Warehouse & Storage Company?"
Answer: "No."

Special Issue No. 10:
"Do you find from a preponderance of the evidence that the death of Arturo Guzman was due to a heart disease of long duration?"
Answer: "No."

At the request of counsel for defendant in error the court submitted to the jury Special Issues Nos. 9 and 10, above described. In addition, the following special issues were also requested by counsel for defendant in error:

Special Issue No. 7:
"Do you find from the preponderance of the evidence that the sole cause of Arturo Guzman's death was due to a heart disease? Answer 'Yes' or 'No'."

Special Issue No. 2:
"Do you find from the preponderance of the evidence that the death of Arturo Guzman was caused by accidental injury? Answer 'Yes' or 'No'."

The trial court refused both of the special issues requested aforesaid.

The law places the burden on the claimant to allege and prove his right to compensation. The insurance company had the right to have affirmatively submitted its issues of defense raised by the pleadings and the evidence. In this case counsel for the insurance company requested several issues to be submitted to the jury, as above indicated. The trial court submitted some of the issues, and refused others.

■ This Court has settled the rule that liability for damages for personal injuries arising under the compensation law can not be defeated by showing that the person injured was not a well person at the time of the injury. Nor will a recovery for such compensation be denied although it may appear that the injury received was aggravated by the effect of some disease existing at the time of the injury or occurring afterwards. Commercial Standard Ins. Co. v. Noack, (Com. App.) 62 S. W. (2d) 72.

■ The jury found, in answer to questions submitted, (a) that Guzman received an injury in the scope of his employment, and (b) that death was not due to any cause other than an injury sustained by him while engaged in the performance of his duties as an employee of the Corpus Christi Warehouse & Storage Company. We think that these findings are sufficient to sustain the judgment of the trial court. The trial court having given the issues as requested by defendant in error, that company is not now in position to complain of the court for refusing to submit other issues, more specific in terms, relating to the same question. Where the requested issues relate to the same ground of recovery or matter of defense, and are requested at the same time, but couched in different language, the trial court may give some and refuse others. In other words, defendant in error is not entitled to request the submission of two or more issues, relating to the same question, and then complain that the court gave one of its requested issues and refused to give the others. Texas & N. O. R. Co. v. Neill et al., 128 Texas 580, 100 S. W. (2d) 348; see 41 Texas Jur., Sec. 246, p. 1051, and cases cited.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered July 14, 1937.