## SOUTHERN UNDERWRITERS v. PARKER.

### No. 3476.

Court of Civil Appeals of Texas. Beaumont.

May 26, 1939.

Rehearing Denied June 7, 1939.

Battaile & Burr, of Houston, for plaintiff in error.

McDougald & Beck, and Gordon, Sharfstein, Bell & Weinert, all of Beaumont, for defendant in error.

O'QUINN, Justice.

This case arose under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq. Glenn H. McCarthy, Inc., was the employer, defendant in error, J. G. Parker, the employee, and the Southern Underwriters the compensation insurance carrier. We shall refer to plaintiff in error as appellant, and defendant in error as appellee. Appellee filed claim with the Industrial Accident Board for compensation as for total and permanent disability. The Board made its final award, and appellee duly gave notice that he would not abide the award and filed this suit in the district court of Jefferson County to set the award aside and to recover compensation.

The case was tried to a jury upon special issues, upon the answers to which judgment for appellee was rendered as for total and permanent disability in the sum of $3,473.-15 same to be paid in a lump sum. Motion for a new trial was overruled and we have the case for review.

Appellant presents its first, second and third assignments grouped. In effect they are: (a) That appellee having alleged that the portions of his body which were injured were his eyes, nose, throat, lungs and respiratory organs, the court erred in submitting to the jury, over its objections that the inquiry should be confined to the injuries pleaded, the general issue: "Do you find from the preponderance of the evidence that plaintiff, J. G. Parker, sustained personal injuries on the 18th day of April, 1937", and in not confining the inquiry to the injuries alleged; (b) the appellee having alleged that his injuries were the natural result of encountering poisonous and noxious gases escaping from unlighted flares, and having alleged no other injury, the court erred in submitting to the jury, over appellant's objection that the inquiry should be confined to the injuries resulting from the cause pleaded, the general issue: "Do you find from the preponderance of the evidence that plaintiff, J. G. Parker, sustained personal injuries

on the 18th day of April, 1937", and in not confining the inquiry to the specific injuries alleged that were caused by such gas; and (c) that the court erred in submitting the general issue: "Do you find from the preponderance of the evidence that the plaintiff, J. G. Parker, sustained personal injuries on the 18th day of April, 1937", over the objections of appellant that the inquiry should be confined to the injuries pleaded, viz., injuries to his eyes, nose, throat, lungs and respiratory organs, and to those resulting from the cause alleged, viz., gas escaping from unlighted flares, was not obviated by special issue No. 4a, "Do you find from a preponderance of the evidence that any injuries, if any, sustained by the plaintiff on April 18th, 1937, directly resulted from exposure to gas escaping from unlighted flares of plaintiff's employer."

The gist of the three assignments is that appellee having alleged that while driving across the lease then being operated by his employer, Glenn H. McCarthy, Inc., he drove in close proximity to where two flares which should have been lighted to burn escaping gas were not lighted and he drove into this area which was contaminated by escaping gas and was thereby injured, the injury affecting his eyes, nose, throat, lungs and respiratory organs, the result of which was to totally and permanently disable him, that the submitting of the general issue inquiring whether he sustained personal injuries on said date was error because it did not confine the jury, in answering this issue, to considering injuries to the particular portions of the body named. We think the contention is without force. Among other things, appellee alleged: "while plaintiff was driving across said lease and in close proximity to where two (2) of said flares should have been maintained, plaintiff drove into a space contaminated with and filled by poisonous and noxious gases then and there escaping from the jets, which should have been ignited, thereby permitting said gas flares to burn as intended, thereby preventing escape of noxious and poisonous gases in and about said premises; that as a natural result of encountering such poisonous and noxious gases at such time and place, plaintiff's eyes, nose, throat, lungs and respiratory track and organs were each and all severely burned by such poisonous and noxious gases which attacked said organs, linings, membranes and various other parts and portions thereof, and partially destroyed plaintiff's sense of sight, which is

progressively becoming more and more impaired; and which said injuries naturally resulted in various diseases and infection to such injured parts and members thereby exciting and accelerating a dormant tubercular condition then existing within plaintiff, thereby causing the same to become active and disabling, or in the alternative, and in the event plaintiff be mistaken in his allegation that such injuries excited and accelerated such tubercular condition, and in only such event, plaintiff says that such injuries produced such tubercular condition and caused the same, each and all of which thereby destroyed, lessened and impaired said organs and parts of plaintiff's body, and their several functions, use, utility and efficiency, and that the several respective functions, use and utility of said parts of plaintiff's body have, because of said injury and not otherwise, become destroyed, injured, lessened and greatly and permanently impaired, and that by reason of each and all such injuries, disabilities and impairments, and not otherwise, plaintiff has continuously since the time of said injury been sick and sore and suffered great physical pain and anguish and become totally and permanently disabled."

The allegations of parts injured are alleged as an injury resulting in total and permanent incapacity—they all constituting one whole result. There is no complaint that any evidence was introduced of an injury not supported by the pleading, nor of any injury other than those sustained on April 18, 1937, set out in the petition. The complaint is simply that the issue was too general, the objection not pointing to any matter specifically.

In Southern Underwriters v. Kelly, Tex. Civ.App., 110 S.W.2d 153, 155, special issue No. 1 submitted to the jury was: "Do you find from a preponderance of the evidence that the plaintiff, V. E. Kelly, sustained an injury to his body on the 17th day of October, 1934?"

This was followed by the statutory definition of an injury. Among others, the same objection to the court's charge submitting this issue to the jury was made as here—that it was too general, did not confine the jury or limit them in determining said issue to the injuries alleged in the petition. Kelly alleged back injuries on the date set out. The evidence showed the injury to his back, and in addition disclosed that on the same day Kelly received an injury to one of his thumbs by getting it

caught in a pump at which he was washing his hands. The contention that the issue was too general and permitted consideration by the jury of other injuries than those alleged was denied. (Application for writ was dismissed.)

In Traders & General Ins. Co. v. Offield, Tex.Civ.App., 105 S.W.2d 359, 360, where a like issue was under consideration, the court said: "By its fourth and fifth propositions appellant asserts that the trial court erred in submitting special issue No. 1 to the jury, which is: 'Do you find from a preponderance of the evidence that the defendant, H. H. Offield, sustained an injury to his body on the 9th day of October, 1933?' The contention is that the pleadings and proof of appellee had reference only to an injury to the lower part of appellee's back. We overrule these propositions. All of appellee's evidence tended to establish the alleged injury on October 9, 1933, and no other. Appellant's testimony was to the effect that appellee received no injury on October 9, 1933. The whole controversy centered around the alleged bodily injury of appellee on October 9, 1933. We do not see how the jury could have been misled to any extent by this issue. There was no claim made by appellant that appellee was injured on some other date than the one alleged by him, or that he received an injury to any other portion of his body." (Application for writ was dismissed.)

Similar issues have been sustained in Southern Underwriters v. Sanders, Tex. Civ.App., 110 S.W.2d 1258, writ dismissed; Texas Employers Ins. Ass'n v. Hamor, Tex.Civ.App., 97 S.W.2d 1041; Associated Indemnity Corporation v. Baker, Tex.Civ. App., 76 S.W.2d 153, writ dismissed.

In response to special issue No. 4a, the jury found that the injuries sustained by appellee resulted directly from exposure to gas escaping from unlighted flares of his employer. There was no evidence of any injury not alleged. In response to special issue No. 4b, the jury found that the injuries sustained by appellee on April 18, 1937, resulted from "greater or more severe hazards than those under which the public generally was subjected." To special issue No. 10, they answered that the injuries sustained by appellee on April 18, 1937, "are the producing cause of such incapacity" of appellee. The term "producing cause" was correctly defined in the charge.

It is obvious, we think, that the injuries alleged to have occurred, and which the evidence abundantly supported, resulted in the only disability suffered by appellee, and so were the only source of his incapacity. The assignments are overruled.

■ By its fourth, fifth, and sixth propositions, presented grouped, appellant complains that the court erred in failing, over its objections that no issue was submitted to the jury inquiring: (a) whether the injuries, if any, sustained by appellee were caused by gas in a space contaminated with or filled by poisonous or noxious gases, nor whether such injuries, if any, were caused by gas then and there escaping; and (b) whether the injuries, if any, of plaintiff resulted from an aggravation of a dormant tubercular condition in plaintiff, and whether plaintiff had a tubercular condition, and if so, whether same was excited and accelerated by such gas; and (c) whether plaintiff's injuries, if any, were caused by such gas and whether plaintiff had a tubercular condition, if so, whether same was caused by such gas, to submit issues for the jury's finding on such questions.

Appellant excepted to the court's charge as a whole because it did not contain any issue, or issues, submitting these several inquiries to the jury. The exceptions were overruled. Appellant did not prepare and present to the court with a request for their submission, any issue covering any of the matters complained. The exceptions to the charge and the assignments of error each state that the court had failed to submit any issue as to them. The rule is well settled that where the court has failed to charge on any issue desired by either party, such failure can be reviewed on appeal only where the record shows a special charge was tendered on that issue. Gulf, C. & S. F. R. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Texas & N. O. R. Co. v. Crow, Tex.Com.App., 123 S.W.2d 649.

■ Propositions Nos. 7, 8, 9, and 10, are presented grouped. They complain, in various ways, that the court's definition of the term "personal injuries" as given in connection with special issue No. 1, was incorrect and reversible error. Special issue No. 1 was: "Do you find from a preponderance of the evidence that the plaintiff, J. G. Parker, sustained personal injuries on the 18th day of April, 1937?" In connection with this issue, the court gave

the following definition of the term "personal injuries": "By the term 'personal injuries' as used in the above special issue is meant .damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom, or the incitement, acceleration or aggravation of any disease previously or subsequently existing by reason of such damage or harm to the physical structure of the body." Appellant objected and excepted to the definition for the reasons: (a) because it included the acceleration or aggravation of any disease subsequently existing by reason of the damage or harm to the physical structure of the body for in that the law did not permit recovery of compensation for speculative disability in the future, and the inclusion of such element in the definition had the effect of permitting the jury to speculate as to whether the alleged injuries would aggravate or accelerate any diseased condition that the plaintiff might have, and there was no evidence that plaintiff would have any diseased condition thus to be affected in the future; (b) that the definition was confusing, vague, indefinite, and was apt to prejudice the jury against the defendant; (c) because the definition did not confine the meaning of the term to the injuries plead by plaintiff, and, therefore, was too general to the prejudice of the defendant.

The gist of the objections to the definition is seen to be its reference to diseases that might be accelerated or aggravated, such as existed previously to the injury, or that might subsequently develop by reason of the injuries. Appellee's petition contained the following: "and which said injuries naturally resulted in various diseases and infection to such injured parts and members thereby exciting and accelerating a dormant tubercular condition then existing within plaintiff, thereby causing same to become active and disabling, or in the alternative, and in the event plaintiff be mistaken in his allegation that such injuries excited and accelerated such tubercular condition and only in such event, plaintiff says that such injuries produced such tubercular condition and caused same." The main complaint is that the definition went too far—that same should have been given in the language of the statute, and no reference been made to a subsequently occurring disease. There is no force in the contention. The statute, Article 8309, defines "personal injury" as meaning "damage or harm to the physical structure of the

body and such diseases or infection as naturally result therefrom." If a disease develops after the injury is received, and was caused by the injury, it certainly exists "by reason of such damage or harm to the physical structure of the body", as stated in the court's definition. Appellant in its brief uses the expression "subsequently occurring disease", which is entirely different from the definition quoted above. Besides, in Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72, 74, where compensation was claimed as resulting from the inhalation of carbon monoxide gas, Judge Critz says: "Stated in another form, where injury is sustained by an employee in the course of his employment which results in his disability within the meaning of our Compensation Law, compensation therefore will not be denied, notwithstanding said injury is aggravated or enhanced by the effect of *diseases* existing at the time, or *afterwards occurring*." (Emphasis ours.) In the instant case, the evidence showed that appellant had a dormant tubercular condition before breathing the noxious gases, and that the effect of the gas was to make the tubercular condition active. It was doubtless the intention of the court to cover this very fact in defining the term for the jury.

This principle was reaffirmed by Judge Sharp in the case of Guzman v. Maryland Casualty Co., 130 Tex. 62, 107 S.W.2d 356, 357, where, in speaking for the Supreme Court, he said: "This court has settled the rule that liability for damages for personal injuries arising under the Compensation Law cannot be defeated by showing that the person injured was not a well person at the time of the injury. Nor will a recovery for such compensation be denied, although it may appear that the injury received was aggravated by the effect of *some disease* existing at the time of the injury *or occurring afterwards*. Commercial Standard Insurance Co. v. Noack (Tex.Com.App.), 62 S.W.2d [72], 74." (Emphasis ours.)

Examining the definition given by the trial court, it is obvious that the jury was instructed to consider only such diseases as "naturally result" from damage or harm to the physical structure of the body or the incitement, acceleration or aggravation of any disease previously or subsequently existing *by reason* of such damage or harm to the physical structure of the body. We think this brings the case squarely within

the holding in Texas Employers' Ins. Ass'n v. Burnett, 129 Tex. 407, 105 S.W.2d 200, 201, where Commissioner German says: "It is thus seen that diseases which naturally result from an injury are themselves classed as an injury, and if an employee be incapacitated thereby, or if he die therefrom, compensation is allowed."

The objection to the charge that it was confusing, vague, indefinite and apt to prejudice the jury against the defendant is not well taken. The charge is not subject to the objection, nor is it to the objection that it does not confine the meaning of the term "personal injuries" to those injuries plead by appellee, and was therefore too general, to the prejudice of the defendant. Not pointing out any matter rendering the charge too general, that is what it should have contained that was omitted, we think the *objection* too general and not sufficient to show error or prejudice. There is no merit in the assignments.

Propositions Nos. 11, 12, and 13, presented grouped, complain that the court erred in refusing to give to the jury appellant's special requested issues Nos. 20, 21, and 22. These issues read: (20) "Do you find from a preponderance of the evidence that such total incapacity, if any, has not been solely caused by disease"; (21) "Do you find from a preponderance of the evidence that such total incapacity, if any, is not caused solely by disease"; (22) "Do you find from the preponderance of the evidence that such total incapacity, if any, will not be solely the result of the disease". These issues were requested to be answered in the event the jury had answered special issues Nos. 5 and 9, in the charge that the incapacity suffered by plaintiff, if any, was not temporary.

The requested issues were refused. These assignments are overruled. We doubt the sufficiency of the assignments. The law requires that requested issues shall be proper and complete. The law allows compensation for diseases and infections naturally resulting from injuries received in the course of duty by the employee. Article 8309, R.S.1925, Vernon's Ann.Civ. St. art. 8309. The requested issues attempt no differentiation between a disease that is the natural result of an injury, and one that arises from an independent cause separate and apart from an injury. They merely inquire whether the incapacity was solely caused by disease. Indemnity Ins.

Co. v. Weeks, Tex.Civ.App., 75 S.W.2d 925.

No error appearing, the judgment is in all things affirmed.