## MARYLAND CASUALTY CO. v. JACKSON.

### No. 3616.

Court of Civil Appeals of Texas. Beaumont.
Feb. 29, 1940.

Rehearing Denied April 3, 1940.

George W. Brown, Jr., and Smith, Smith & Boyd, all of Beaumont, for appellant.

John T. Lindsey, of Port Arthur, for appellee.

WALKER, Chief Justice.

This is a workmen's compensation case, with appellant, Maryland Casualty Company, the compensation insurance carrier; appellee, Joe Jackson, the employee; and the Lummus Company, the employer. On the verdict of the jury in the district court of Jefferson County, on appellee's appeal from the award of Industrial Accident Board, judgment was rendered in his favor against appellant for the sum of $3,000, as for total permanent disability. Appellant makes the following points against the judgment:

Error is assigned against the overruling of the plea in abatement; the theory of this plea was that the trial court "was without jurisdiction" of appellee's cause of action. The facts were as follows: Appellee filed two claims with the Industrial Accident Board. The first, dated 5-17-'38, received by the Board 5-20-'38, stated that appellee was injured at 10:30 o'clock A.M. 10-8-'37, in the following manner: "While myself, and several others were engaged in pulling a piece of sheet iron weighing several hundred pounds, the bolt to which the pulley was attached came out causing me to fall with all the weight of the body on the right arm." The second dated 10-3-'38, received by the Board 10-6-'38, stated that appellee was injured at 2:45 o'clock P. M. 11-10-'37, in the following manner: "I was carrying steel and the steel fell on my right arm and wrist." Appellee received only one injury. All the evidence was to the effect that he was injured on the 10th day of November, 1937, in the manner set out in the first claim. The Board rendered and entered its final award 12-1-'38, and after due notice appellee filed his original petition in the district court of Jefferson County, appealing from the award. In his original petition appellee pleaded that, on October-

10, 1937, while engaged in carrying steel rods fourteen feet long and weighing approximately fifty pounds, he stumbled and fell, causing the steel rods to fall upon and injure his right wrist, hand, and arm; and that he filed his claim for compensation with the board on or about November 15, 1937. That petition confined appellee's disability to a total loss of the use of the right hand, for which he sought compensation for a period of one hundred fifty weeks. On 2-9-'39, he filed his first amended original petition, and on 5-25-'39, his second amended original petition upon which he went to trial. In both his amended petitions appellee pleaded that on November 10, 1937, while he and other workmen were engaged in lifting and moving a large piece of sheet boiler iron into position by means of a block and tackle, the rope of the block and tackle upon which appellee was pulling and exerting all his strength in some manner gave way, and as a result of the sudden release and slackening of the rope he was caused to fall upon the concrete foundation on which he was standing, injuring his right hand, wrist and arm. Claim for compensation for these injuries was alleged to have been filed with the Board on May 27, 1938. In the first amendment appellee sought compensation for two hundred weeks' disability, and in the second for total and permanent disability, with recovery limited to three thousand dollars; and in the alternative, for recovery for a specific injury.

■■■ The theory of the plea in abatement is that, by his amended petitions, appellee pleaded a new cause of action, separate, distinct, independent of, and not related to the cause of action plead in the original petition. Appellant concedes that the original petition was duly filed under section 5 of Art. 8307, R.S.1925, Vernon's Ann.Civ.St. art. 8307, § 5, but it contends that, by filing the amended petition, appellee abandoned his original plea, and pleaded a new cause of action which was not filed within the twenty days allowed by section 5, Art. 8307. Therefore appellant says that the trial court did not have jurisdiction to review the award of the Board on the cause of action plead in the amended petitions—the theory advanced by the plea in abatement. Appellant supports its proposition of "a new cause of action" by Phoenix Lumber Company v. Houston Water Company, 94 Tex. 456, 61 S.W. 707; 7 Texas Law Review, 144; Hollis v. Chapman, 36 Tex. 1. These authorities are not in point; the tests of "a new cause of action" as laid down by our Supreme Court in the cases cited have no relation to an amended plea on appeal from an adverse award of the Industrial Accident Board. In Booth v. Texas Employers Insurance Association 132 Tex. 237, 123 S.W.2d 322, 324, the following proposition was announced by Judge Smedley writing the opinion for the commission of appeals: "The only essential jurisdictional connection between the claim for compensation before the board and the suit to set aside the award being the identity of the injury of which complaint is made." Indemnity Insurance Company v. Harris, Tex.Civ.App., 53 S.W.2d 631, is in point in principle. In that case the claim before the Board was an injury to the spine and leg; in his petition on appeal, in addition to the injury claimed before the Board, the employee also claimed an injury to the sacroiliac joint. This court held that the pleading did not state a new cause of action. Appellant cites as controlling Stratton v. Gulf Casualty Co., 53 S.W.2d 518; that case was decided by the El Paso Court of Civil Appeals long before the Booth case by the Commission of Appeals.

We overrule the contention that the jury's answers to the several issues submitted on the theory of a general injury were without support in the evidence. The evidence so satisfactorily raised these issues that it would serve no useful purpose to bring it forward in the opinion. Appellant has made a full and fair statement of the evidence on this point in its brief, which we have carefully examined. On the evidence brought forward by appellant, we also overrule the assignments that the findings of the jury in favor of appellee on the issues of total permanent disability, and of partial disability, and of "specific injury" are against the great weight and preponderance of the evidence.

■■ Appellant makes the following assignments of conflict in the jury's answers to the questions submitted by the charge: (a) The jury returned the answer "He did" to question No. 3: "Do you find from a preponderance of the evidence that Joe Jackson suffered total disability, as that term has been hereinabove defined to you, as a result of such

accidental injury, if any you have found?" This answer does not conflict with the answer "It is permanent" to question No. 20: "How many weeks of disability limited to his right hand, if any, do you find from a preponderance of the evidence that Joe Jackson has suffered as a result of his injury, if any, of November 10, 1937"; nor the answer "100%" to question 21: "What percentage of disability limited to the right hand, if any, do you find from a preponderance of the evidence Joe Jackson has suffered as a result of his injury, if any, of November 10, 1937"; nor to the answer "It is permanent" to question No. 22: "How many weeks of disability limited to the right hand, if any, do you find from a preponderance of the evidence Joe Jackson will suffer in the future as a result of his injury, if any, of November 10, 1937". (b) The answer to question No. 20 given in section (a), supra, does not conflict with the answer "May 16, '38", to question No. 4: "When, if at any time, do you find from a preponderance of the evidence such total disability, if any you have found, commenced"; nor with the answer "It is permanent" to question No. 5: "Do you find from a preponderance of the evidence that such total disability, if any you have found, is permanent, as permanent disability has been hereinbefore defined to you"; nor with the answer "It is not limited to his right hand" to question No. 19: "How long, if for any time, do you find from a preponderance of the evidence, such total disability, if any you have found, to exist". (c) The answer to question No. 20, supra, does not conflict with the answer to question No. 21, supra. (d) The answer to question No. 21 does not conflict with the answer of question No. 5. (e) The answer to question No. 21 does not conflict with the question No. 6, nor with the answer to question No. 19.

■ We overrule the assignment against the following argument by appellee's counsel in his address to the jury: "We say that Joe Jackson, due to his poverty—and they haven't paid him any of this compensation—that he will suffer manifest hardship and injustice if they are not required to redeem it in a lump sum. He is as poor as a church mouse, and his wife and daughter are having to make the living for the family. Dr. Matthews who examined him tells you he didn't expect to get any pay and that it was mostly a charity case". This argument was not excepted to; its injurious effect, if any, could have been removed by an instruction by the court. Again appellee plead "lump sum" settlement, and by his evidence strongly raised the issue in his favor. Through an oversight—he makes that point in his brief—the issue was not submitted to the jury; he made his argument, believing that it was a part of the court's charge.

■ The following argument was not error: "I think when he was let out there and his wage-earning capacity ceased on May 16, I think he immediately filed claim because the undisputed evidence shows it was filed on the 20th and mighty few come any faster than that."

■ Appellee was not discharged at the time he was injured, but was given lighter work at the same wage. He continued in his employment until 5–16–'38, when he was discharged. Immediately—within two days—he prepared and forwarded to the Industrial Accident Board his claim for compensation, which was received and filed by the Board 5–20–'38. On this statement, as a matter of law, appellee established "good cause" for the delay in filing his claim. In Jones v. Texas Employers Ins. Ass'n, 128 Tex. 437, 99 S.W.2d 903, 904, appellant was injured 3–8–'30; within thirty days he gave notice to his employer; on 5–8–'32, as a result of his injury, he became totally incapacitated for work, and such incapacity was permanent; on 7–11–'32, he filed his claim for compensation with the Industrial Accident Board. Writing the opinion for the Commission of Appeals, Judge Harvey said: "The plaintiff in error insists that since the jury has found that the total incapacity for work which he suffers began on May 8, 1932, no cause of action in that respect accrued to him before then, therefore he was not required to file a claim with the board before said date. *This is true for the reason that the state of facts thus established shows good cause for his failure to file a claim with the board prior to said date,* but it does not show good cause extending up to the time he filed his claim some two months later." (Italics ours.) That "good cause" may exist as a matter of law was held by this court in Maryland Casualty Company v. Landry, 129 S.W.2d 755.

Question No. 19 copied above submitted the issue whether appellee's incapacity was limited to his right hand. In connection with that issue the court gave the following charge: "In answering the above special issue, you are instructed that all injuries below the elbow are designated as injuries to the hand. You are further instructed that an injury is not limited to the hand if it is continuing and extends to and affects other members of the body." This charge was not subject to the following exceptions urged by appellant:

(a) "The court by said instruction gave no guide or form to the jury of what is meant by the use of the terms 'continuing' and 'extending to' 'and affect,' and the jury was left to speculate and base their answer to said special issue on their own idea or ideas of what constitutes a 'continuing' and 'extending to' or 'affecting' other members of the body";

(b) "Because an injury to the hand, a specific injury, might to some extent continue and extend to and affect other members of the body, but in such a way, or for such a limited time, or in such a manner as that in law the injury or disability would not be to more than the hand, and it was reversible error for the trial court to submit such instruction over appellant's objection on such ground";

(c) "Said instruction was prejudicial to appellant and incorrect, in that if the injury to the hand did extend to the wrist or forearm it would still in law be an injury to the hand, and said instruction was patently erroneous on its face, and it was reversible error for the trial court to submit such instruction over appellant's objection on such grounds";

(d) "It was apparent in this cause that any injury Joe Jackson received to his right hand did not continue and extend to any other portion of the body to such an extent as to constitute same a general injury, and it was reversible error for the trial court to submit such instruction over appellant's objection on such ground."

On authority of the Parker case, Southern Underwriters v. Parker, Tex.Civ. App., 129 S.W.2d 738, and the Thomas case, Southern Underwriters v. Thomas, Tex.Civ.App., 131 S.W.2d 409, we overrule appellee's exceptions to the following issue: "Do you find from a preponderance of the evidence that Joe Jackson suffered an accidental injury on November 10, 1937, as the term accidental injury has been hereinbefore defined to you?" This question submitted the issue plead by appellee and sustained by his proof.

Every element of "total permanent disability" and of "partial disability," raised by the evidence, was submitted to the jury, and answered in appellee's favor. The jury also found that his disability was not "limited to his right hand"—answering the issue of disability as it related to "the right hand" the jury found that it was "permanent," and was "100%". The jury also found that appellee's injury was not "limited to his right arm". The questions carried to the jury all issues of "specific injury" raised by the evidence. Therefore the court did not err in refusing to submit the other issues of "specific injury" requested by appellant.

Appellee pleaded that the injury to his hand or wrist affected other parts of his body, and resulted in total, permanent disability. On this statement we overrule the proposition: "Having failed to request or have submitted to the jury proper issue or issues as to whether said specific injury had extended to or affected other portions of his body (as would authorize recovery as for a general injury) plaintiff waived such issues and necessary grounds and basis of recovery as for a general injury and judgment as for total permanent incapacity as for a general injury should not be permitted to stand."

Appellant requested the court to submit the following issue: "Do you find from a preponderance of the evidence that plaintiff, Joe Jackson, has fully recovered from any disability sustained by him as a result of his alleged injury?" This issue was submitted substantially by the questions copied above. On every issue submitted, the jury found that appellee's disability was total and permanent; it was also found that he had not recovered from his injury. In view of the answers given by the jury to the questions submitted by the charge, there is no ground for the presumption, reasonable or otherwise, that the jury would have answered appellant's requested issue in its favor. Guzman v. Maryland Casualty Co. 130 Tex. 62, 107 S.W.2d 356.

Appellee limited his recovery to $3,000, thereby excluding compensation from the date he was injured to the date he filed

his compensation. So, on this point the facts do not invoke the principle of law announced by the Commission of Appeals in the Jones case, supra, and in the Guidry case„ Texas Employers Ins. Ass'n v. Guidry, 128 Tex. 433, 99 S.W.2d 901.

The judgment of the lower court is in all things affirmed.

Affirmed.