## TEXAS INDEMNITY INS. CO. v. GODSEY.

No. 3955.

Court of Civil Appeals of Texas. El Paso.
June 20, 1940.

Rehearing Denied Sept. 19, 1940.

C. G. Condra, of Fort Worth, James D. Willis and Henry Russell, both of Pecos, and A. T. Folsom, of Wink, for appellant.

H. L. Roberson, of Wink, and Kennemer & Armstrong, of Dallas, for appellee.

PRICE, Chief Justice.

The nature and result of this case is stated by appellant with admirable clearness and brevity, and our statement thereof almost literally follows same. Appellee's statement in no way conflicts with that of appellant.

This is an appeal from a judgment entered by the District Court of Winkler County, Texas, in a compensation case. This case was filed in the trial court by the present appellee, J. T. Godsey, as plaintiff, against the present appellant, Texas Indemnity Insurance Company, as defendant, seeking to recover compensation for an alleged back injury.

The appellee, as plaintiff, went to trial upon his original petition filed on the 18th day of April, 1939, against the appellant. Plaintiff sought to set aside an award of the Industrial Accident Board and recover judgment for total and permanent disability. Appellant's trial answer included a general demurrer and several special exceptions, a general denial, and an affirmative allegation that if plaintiff suffered any disability it resulted from disease, and that such disability had already accrued to him prior to the time of the alleged accident.

The trial was by jury upon special issues. A verdict was returned and the court entered judgment thereon in favor of plaintiff, and awarded a lump sum settlement of the compensation. The Insurance Company has perfected appeal from the judgment entered.

At the threshold of this appeal we are confronted with two propositions urged by appellee:

First. "Appellant's assignments of error Nos. 1 to 16, inclusive, are insufficient in that assignments 1 to 12, inclusive, do not point out, within themselves, any specific error, and assignments 13 to 16, inclusive, are too general, and do not point out any specific error."

Second. "Appellant's proposition based on assignments of error 1 to 6, inclusive, and 8 to 22, inclusive, are insufficient, in that they are abstract propositions of law, and point out no particular error committed by the court, and are too general."

It will be observed that the first proposition of appellee attacks the assignments of error as not pointing out any specific error. The assignments, perhaps, are in a measure subject to the criticism leveled at them. However, the action of the trial court assailed is in each case specified, although same is not verified by reference to the transcript. The propositions are general, and likewise, perhaps, subject to the criticism of asserting merely abstract propositions of law.

Under each assignment briefed appellant has set forth the ruling or action complained of with aptness and brevity, and same is verified by reference to the record. In our opinion appellant's brief is sufficient to raise all of the questions urged for reversal. We overrule the contention that same should not be considered. In our

opinion, taking the brief as a whole, a consideration is due as a matter of right. The alleged error is readily apparent from the brief.

One of the grounds urged for reversal of this case is that the evidence is insufficient to sustain the verdict of the jury. Appellant urges that the evidence fails to show any connection between injuries pleaded, submitted and found, and the incapacity of plaintiff to work. A proper consideration of this assignment renders a consideration of the evidence necessary.

From the testimony of appellee it appears that on the date of the alleged injury, the 21st of January, 1939, he was an employee of the Stanolind Oil & Gas Company. The appellant was the insurance carrier for that Company. He was employed as pumper and roustabout, a part of the time as a relief pumper. He had been employed by his then employer since about 1933. On January 21, 1939, while in the course of his employment, he went to descend from a rod walk on a structure surrounding one of the wells of his employer. The bottom step turned and he fell, striking his back, hip and shoulder; it seems he fell in a sitting position. This fall, according to his testimony, occasioned him great pain in his back. The accident occurred about nine o'clock in the morning. Shortly after the accident plaintiff went in his car to look for Mr. Jones, his immediate superior, could not find him, and around ten thirty or eleven o'clock returned to his home, remaining there until about twelve o'clock; at twelve o'clock he reported his injury to Mr. Jones, who caused him to be sent to the doctor for treatment. He went to the Robinson Clinic, where Dr. McClure X-rayed him, and from there he went home. The 22nd of January, 1939, was Sunday. Plaintiff returned to his work the following Monday, and he continued to work thereat until the 13th day of February, when, on account of the pain, he was compelled to quit work. At sometime during the period elapsing between January 21st and February 13th, his employer assigned him to do light work. That the condition as to pain in the small of his back has continued with slight improvement from February 13th to the present time. Plaintiff was treated or examined by Drs. McClure, Robinson, Lyle, Camp, Wilson, Wright and Garrett.

Drs. Garrett, Robinson and Camp testified on the trial. Dr. Garrett made a physical examination of him two or three months after his injury; made another about five or six months before the date of the trial; said at that time plaintiff had a considerable muscular swelling and muscular rigidity of all the spinal muscles, and any motion, either forward or backward or laterally, produced extreme muscular spasm and caused these muscles to contract; the swelling was more pronounced about the lower third of the lumbar spine; also that there was some atrophy on one side of the spine; that at the time of these examinations, in his opinion, plaintiff was suffering from arthritis; further, "that the plaintiff might live always, but he would always be so disabled in his spine as to be unable to do hard work, or any work that requires moving, stooping and lifting." Further, that an injury to the back would have a tendency to aggravate an arthritic condition thereof.

Dr. Robinson testified with reference to the X-ray photographs taken on January 21, 1939. He said these photographs showed a spur formation (in proximity to or on the joints, we presume). These spur formations had been produced by arthritis. Arthritis may be produced by infection. If the infection was eliminated the arthritis would perhaps be considered cured. The objective manifestations of its former existence (the spur formations, we presume), even though the infection had been eliminated, would persist. That spur formation indicated that the arthritis had existed for a long time. Arthritis might exist throughout life and not be noticed; that it may or may not disable. Further, there were no objective signs of traumatic injury to plaintiff's back. The only thing aside from what plaintiff told him that would account for the disability was the arthritis, which would account for plaintiff's disability. That plaintiff was not disabled at the time he treated him; that pain and disability from arthritis might come on suddenly, and an injury might aggravate an existent arthritic condition.

Dr. Camp made an examination of plaintiff on June 5, 1939, and on that date took X-rays of his back. His testimony was that spur formations were shown by the photographs, and that thereby the persistence for a long time of an arthritic condition was evidenced; that he was of the opinion that that condition had existed prior to January 21, 1939; that arthritis was slow in its development. In his opinion the arthritis had developed to such an extent in plaintiff to disable him; injury or the ef-

fects thereof would ordinarily be aggravated by arthritis.

Now from this testimony it cannot be said that it was a demonstrated fact that on January 21, 1939, progressive arthritis existed. Neither Dr. Camp nor Dr. Robinson so testified. Their opinion was that it did so exist. As far as the testimony went in this respect was that it was a demonstrated fact that at some prior time a progressive arthritic condition existed.

There was testimony of some of the other employees of the Stanolind Oil & Gas Company that plaintiff had trouble with his back prior to January 21, 1939. One testified as to an apparent improvement after the extraction of plaintiff's teeth.

Plaintiff had been continuously employed by the Stanolind Oil & Gas Company for five years prior to the date of his alleged injury. He testified he had never had any other injury; he had not, prior to this injury, lost any time. In this last statement he was corroborated by the testimony of his wife. Immediately after the accident he complained thereof to his superior, stating he had severe pain in his hip, back and arms, and went to the doctor for treatment.

■■ We have carefully read and studied the entire statement of facts, and believe a jury question was raised as to the cause of plaintiff's disability. There is no question that the evidence tends strongly to show that disability did not exist prior to the injury, and that same followed the injury. The doctors to whom he had been sent for treatment evidently did not consider the arthritic condition disabling, for he was certified as fit for duty. Even though arthritis existed, if the injury aggravated same to the extent of producing incapacity, this does not preclude recovery of compensation. This is true even though in time, uncontributed to by injury, the arthritis would have caused incapacity. Texas Employers' Ins. Ass'n v. Parr, Tex. Com.App., 30 S.W.2d 305; Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72; Guzman v. Maryland Casualty Co., 130 Tex. 62, 107 S.W.2d 356; Travelers Ins. Co. v. Johnson, Tex.Civ. App., 84 S.W.2d 354.

In the case of Safety Casualty Co. v. Walls, Tex.Civ.App., 117 S.W.2d 879, urged by appellant as strongly supporting its position that the evidence fails to show a causal connection between the injury and incapacity, the proposition above asserted is recognized. We believe that case is clearly distinguishable from the instant case. In that case incapacity did not ensue for more than two years after the date of the injury. Here the incapacity was from the injury or within a very short time thereof.

Error is assigned as to the overruling of a special exception of appellant addressed to part of paragraph two of plaintiff's petition wherein it was alleged that "plaintiff is untrained and unlearned in medicine and medical terms, and is therefore unable to more fully describe the nature and extent of his injuries other than as heretofore set forth."

The exception was, "because said allegation is irrelevant and immaterial and too general to admit proof of an injury not alleged, and is not a sufficient allegation to authorize the introduction of proof of injuries not specifically set out."

■■ We fail to see how in any way the allegation broadened the proof admissible under the other allegations. Even if the exception should have been sustained, the court's refusal to do so in no way harmed the defendant. It was complained that the petition was not sufficient to support the theory of a flare-up of arthritis, that is, the aggravation of a preexisting arthritic condition. Plaintiff's petition was rather full in describing the manner of sustaining the injury complained of and its effect; bruising of his spine is alleged, and the result of same on his person. Among other allegations is that an arthritic condition was caused. In our opinion the averment as to arthritic condition being caused is sustained by proof of the aggravation of a prior arthritic condition. Travelers' Ins. Co. v. Lancaster, Tex.Civ.App., 71 S.W.2d 318.

■ In a compensation case the pleadings are entitled to a liberal construction. Bankers Lloyds v. Pollard, Tex.Civ.App., 40 S.W.2d 859; Southern Surety Co. v. Weaver, Tex.Com.App., 273 S.W. 838. The substance of an issue is all that need be proved.

■ Under this record it clearly appears that appellant was in no way misled by this allegation. A variance between allegation and proof, if it does not mislead, is not reversible error. Allegations are sufficient if they apprise the opposite party what evidence will be produced and he will be called upon to meet it. Kleber v. Pacific Ave. Garage, Tex.Civ.App., 70 S.W.2d 812; Ware v. Shafer & Braden, 88 Tex. 44, 29 S.W. 756.

Even under a strict construction this pleading notifies the defendant that an arthritic condition was relied upon as contributing to cause the disability alleged.

The assignment is overruled.

Special Issue No. 1 read as follows: "Do you find from a preponderance of the evidence that plaintiff, J. T. Godsey, sustained an accidental personal injury to the lower part of his—as alleged by him—back on or about January 21st, 1939?"

Defendant's objection thereto was as follows: "The accidental personal injury is not limited in said question to the injury sustained in the manner alleged in plaintiff's petition and established by evidence, but would justify an affirmative answer even though the jury did not believe plaintiff suffered an injury by striking his back in falling from a step."

Appellant's assignment and proposition can be no broader than its ground of objection. The objection goes to the failure to submit the manner in which the injury was sustained and not as to its character and kind. In truth and in fact an injury occurring in any other manner than as alleged by plaintiff could not be found from the evidence or a preponderance thereof. The only evidence of any injury was that alleged by plaintiff in falling from the last step of the rod walk on January 21, 1939. This allegation was supported by proof. We do not think the assignment presents error. Southern Underwriters v. Parker, Tex.Civ.App., 129 S.W.2d 738; Southern Underwriters v. Thomas, Tex.Civ.App., 131 S.W.2d 409; Maryland Casualty Co. v. Jackson, Tex.Civ.App., 139 S.W.2d 631; Texas Employers' Ins. Ass'n v. Burnett, Tex.Civ.App., 72 S.W.2d 952.

A further objection was made to special issue No. 1, as follows: "By reference to plaintiff's allegations the court submits to the jury a petition which alleges many accidents and resulting injuries not established by any evidence, and would authorize a finding thereon in the absence of proof." We do not think the issue is subject to the objection. One accident only was submitted or alleged, and injury to the lower portion of his back was alone submitted. The injury submitted was further identified by giving the date thereof. One injury only was in evidence.

We find no merit in the assignment of error based on the objection to special issue No. 2.

Appellant assigns error on the refusal of the court to give special issues Nos. 1, 2 and 3, reading as follows:

"No. 1: Do you find from a preponderance of the evidence that plaintiff, J. T. Godsey, was totally and permanently disabled prior to January 21, 1939, as a result of arthritis?

"No. 2: Do you find from a preponderance of the evidence that J. T. Godsey was permanently and partially disabled prior to January 21, 1939 from arthritis?

"No. 3: Do you find from the evidence that plaintiff, J. T. Godsey, is suffering from such a diseased condition of his body, to-wit, arthritis, that he would be totally and permanently disabled, independent of any injury sustained by him on January 21, 1939?"

The issue requested in charge No. 2 is certainly not an ultimate issue of fact. Even though, prior to January 21, 1939, J. T. Godsey was permanently and partially disabled, his right to full compensation would not be affected thereby. Texas Employers' Ins. Ass'n v. Parr, supra.

A perusal of No. 3 we think demonstrates that it does not present an ultimate issue in the case. Even though a pre-existing disease would in time bring about disability, if it is a concurring cause with an injury, compensation may be recovered. The issue is somewhat confusing, and it is hard to tell exactly what was sought to be submitted thereby.

The refusal of special issue No. 1 presents a somewhat different situation. Appellant pleaded that prior to the time of the accident appellee was totally and permanently disabled as the result of diseases and conditions independent of his employment.

In response to apt issues on behalf of the plaintiff, the jury found that as a natural result of the injury plaintiff suffered total and permanent disability.

Defendant's pleaded defense was sought to be submitted by special issue No. 18, which was as follows: "Do you find from a preponderance of the evidence that the plaintiff's disability, if any, is not solely the result of arthritis?"

The jury's response thereto was: "It is not solely the result of arthritis."

The only way the defendant sought to account for plaintiff's disability was the result of arthritis. Beyond any question the

issue submitted by the court was broad enough to include a result prior to January 21, 1939. Had requested issue No. 1 been given as requested, it certainly would have covered part of the same ground included in 18. It cannot be gainsaid if plaintiff was totally and permanently incapacitated prior to January 21, 1939, he was not entitled to compensation. There was no working capacity existent if that was the case. However, we have some doubt as to the sufficiency of the evidence to justify the submission of the issue. Defendant's witness, Dr. Robinson, said that he was not disabled from work on that day. The Robinson-McClure Clinic pronounced him able to work. He was working at the very time of the alleged accident. He continued to work for some fifteen days thereafter. At no time prior to January 21, 1939, was there evidence that he was disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment. He was at the very time of the injury performing the usual task of his employment—performing such task, according to some of the testimony, in about the same manner he had performed same for two or three years before the alleged injury.

In our opinion, the issue was not raised by the evidence. Further, in the event we are in error as to this, that it was adequately covered by issue No. 18.

 Complaint is made of a statement of one of appellee's counsel in the opening argument, which was as follows: "I don't know much about arthritis myself, and I heard more about it today from medical authorities than I ever heard about it; what I base my opinion on is what I heard it on when I talked to Jack along in March, and I base my opinion on Jack Godsey's appearance, and I sincerely believe that he is injured."

Part of this argument is somewhat unintelligible. It does not appear unqualifiedly that his stated opinion was based on conversation with Godsey in March. Godsey was present in court, and an inference might be drawn in connection with his appearance. The court instructed the jury to disregard the argument, and warned counsel to confine himself to the evidence. We are not inclined to think that Mr. Roberson's statement in reply to that of the court was intended as any infringement on the ruling of the court. It occurred in the opening argument, and we do not see why the court's prompt instruction in compliance with the request of appellant was not sufficient correction of the matter.

A careful consideration of the entire record in the case convinces us that reversible error is not shown. A question of fact was presented, and same, on sufficient evidence, was found against appellant.

It is ordered the case be affirmed.