AMERICAN SURETY COMPANY OF
NEW YORK, Appellant,

v.

Paul J. RUSHING, Appellee.

No. 7366.

Court of Civil Appeals of Texas.

Texarkana.

April 17, 1962.

Rehearing Denied May 15, 1962.

Vinson, Elkins, Weems & Searls, Houston, for appellant.

Miller, McClure & Lucas, James H. Wright, Ralph K. Miller, Houston, for appellee.

DAVIS, Justice.

A workmen's compensation case. Appellee was injured on March 21, 1958. Appellant defended on the grounds that appellee had suffered no injury and plead that the sole cause of any disability was due to an injury that appellee received in a fight at a tavern on or about June 25, 1958. In the alternative, appellant alleged that 95% of the appellee's disability was caused by the fight.

The case was tried before a jury. The jury found in favor of the appellee; and, that 50% of appellee's disability was caused by the fight. The jury further found that appellee's disability was not solely caused by the fight.

Appellee filed a motion that the trial court disregard the jury's finding that 50% of his disability was caused by the fight, and to enter a judgment. Appellant filed a motion that the trial court enter a judgment in favor of appellee for the sum of $5,425.00. The trial court granted the appellee's motion to disregard the jury findings that 50% of his disability was caused by the fight and entered a judgment in favor of appellee for $10,602.53. The appellant has perfected its appeal.

By its four points of error, appellant takes the position that the trial court erred in rendering judgment for the appellee because the judgment was not sup-

ported by the verdict of the jury, that the trial court should have sustained appellant's motion for judgment limiting appellee's recovery to $5,425.00, and in disregarding the jury's answers to the special issues. Appellant limits its discussions to the findings of the jury on all four points. The appellee takes the position that there is no evidence to support the jury's finding that any injury to the appellee occurred as a result of the fight. Suffice it to say that there is evidence that the appellee was in a fight, and that a man bit part of his ear off. But there is no evidence that the fight caused any injury whatever to the appellee's back. Under the evidence in the case these issues should not have been submitted. Under the law in Texas, a subsequent injury must be the sole producing cause of the appellee's disability. Texas Indemnity Ins. Co. v. Dean, Tex.Civ.App., 77 S.W.2d 748, err. dism. There are many cases that hold that where a subsequent injury is alleged, that such must be proved. Angelina Casualty Co. v. Holt, Tex.Civ.App., 351 S.W.2d 627; Texas Employers' Insurance Ass'n v. Ham, Tex.Civ.App., 333 S.W.2d 438, w. r., n. r. e.; Jacoby v. Texas Employers' Insurance Ass'n, Tex.Civ.App., 318 S.W.2d 921, w. r., n. r. e.; Guzman v. Maryland Casualty Co., 130 Tex. 62, 107 S.W.2d 356; Scott v. Liberty Mutual Ins. Co., Tex. Civ.App., 204 S.W.2d 16, w. r., n. r. e.; Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72, op. approved by the court; Texas Indemnity Ins. Co. v. Staggs et al., 134 Tex. 318, 134 S.W.2d 1026, op. appvd. by the ct.; United Employers Casualty Co. v. Curry, Tex.Civ. App., 152 S.W.2d 862, n. w. h.; Texas Employers' Ins. Ass'n v. Upshaw, Tex.Civ. App., 329 S.W.2d 144.

 There was some evidence that the fight could *possibly* have caused some damage to appellee's back. In 32 C.J.S. Evidence § 1044, p. 1131 we find the following:

"* * * An inference can be drawn only from the facts in evidence,

and cannot be based on surmise, speculation, conjecture, or guess; it must be reasonably drawn from, and supported by, the facts on which it purports to rest, and must be made in accordance with correct and common modes of reasoning. An inference has been required to be based on probabilities, and not on mere *possibility* or *possibilities*; but according to other authorities, probabilities, as distinguished from facts proved, will not support an inference. * * *" (Emphasis added.)

The points of error are overruled. The judgment of the trial court is affirmed.