## SOUTHERN CASUALTY CO. v. HERNANDEZ et al. (No. 7812.)*

Court of Civil Appeals of Texas. San Antonio. June 15, 1927.

Rehearing Denied July 27, 1927.

1. **Master and servant ⬌405(4)—Evidence as to overexertion held to show quarry employee's death was caused by injury in employment.**

Evidence that deceased quarry employee died of a cerebral hemorrhage caused by overexertion in pulling lever in attempting to operate machine used for loading rock *held* to warrant finding that employee was injured out of and in course of his employment.

2. **Trial ⬌140(1)—Contradictory statements of witnesses do not raise questions of law, but one of fact for jury.**

It is well settled that absolutely contradictory statements by witnesses do not raise a question of law, but rather a question of fact to be determined by jury.

3. **Evidence ⬌125—Statements of injured employee shortly after and near scene of injury, made under stress of great pain, held "spontaneous utterances" springing from transaction and properly admitted.**

Declarations of injured employee, made within a few minutes after injury and a short distance from where it occurred and while employee was suffering great pain, *held* "spontaneous utterances," springing from the transaction and properly admitted in evidence.

4. **Evidence ⬌126(1)—Declarations of injured employee as to manner of injury held res gestæ and properly admitted.**

Declarations of injured employee as to manner of his injury made within a few feet from place of injury *held* res gestæ and properly admitted.

5. **Evidence ⬌552—In action to set aside award for death of employee, court properly permitted hypothetical case to be propounded to physicians as to cause of death of deceased.**

In action to set aside award of compensation to widow and minor children of deceased employee, court *held* justified in permitting hypothetical case to be propounded to two physicians as to cause of death of deceased.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by the Southern Casualty Company against Francesca Valverde De Hernandez and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Frank R. Williams, of San Antonio, for appellant.

Randolph Carter and Samuel Belden, both of San Antonio, for appellees.

FLY, C. J. This suit was instituted by appellant against appellees, the widow and minor children of Ernesto Hernandez, deceased, to set aside and annul a certain award made to them of $17.31 a week for 360 weeks by the Industrial Accident Board of Texas, on a finding by the board that said Ernesto Hernandez was employed by Charles M. Schoenfeld, a contractor, and during the course of his employment received, on December 26, 1925, injuries which caused his death, and that said Schoenfeld was a subscriber under the Employers' Liability Act of the State of Texas (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), and carried a policy of workmen's compensation insurance issued by appellant. It was also alleged that the said board had awarded to the attorney of the widow and minors 15 per cent. of the first $1,000 awarded to them and 10 per cent. of the remaining sum awarded appellees. It was alleged the award named was erroneous in that Ernesto Hernandez was not injured while engaged in his work as an employee of Schoenfeld and was not connected with nor grew out of any act performed by him in the course of his employment. Appellees answered denying the allegations and sought by a cross-action to recover $19.04 a week instead of $17.31, awarded to them by the board. The cause was submitted on special issues to a jury, and on the answers thereto judgment was rendered in favor of appellees for compensation in the sum of $17.31 per week for 360 weeks.

[1] Ernesto Hernandez was an employee of Charles M. Schoenfeld in a rock quarry, and on the afternoon of December 26, 1925, he received injuries which caused his death about 8:30 o'clock on the night of the same day. He was engaged in handling the machine that loaded rock on the cars, and while so engaged was injured and died of cerebral hemorrhage caused by overexertion in pulling a lever in attempting to operate the machine.

The object of this suit, as hereinbefore stated, is to set aside an award made by the Industrial Accident Board, because Ernesto Hernandez did not receive any injuries while engaged in the employment of Schoenfeld, but that he died of natural causes not con-

---

nected with the employment in which he was engaged. There was testimony tending to show that deceased was injured by overexertion while engaged in his employment. There were contradictions and inconsistencies in statements made by witnesss, but reconciling such testimony or rejecting it was peculiarly within the province of the jury, and out of the testimony the jury could and did obtain sufficient testimony to support their findings.

Luis Sandoval, a fireman in the plant of Schoenfeld, testified that about 6 o'clock p. m. on December 26, 1925, he saw Ernesto Hernandez moving the levers of the derrick with his feet and hands and was pulling at them very hard. He saw Ernesto pulling very hard on a lever, but it would not move, and he turned loose and dropped his head on his arms, and he said he had hurt himself "and felt very badly." Alcorta swore he met Ernesto about the time stated by Sandoval, a few feet from his work, "bending over in a crouching position holding his arms over his chest." Blood was flowing from his mouth. Ernesto told Alcorta that while operating the crane "one of the levers stuck and that he pulled it very hard and hurt himself at this time." Both of the witnesses testified through depositions, and when placed on the stand their statements materially differed from their depositions. Guadalupe Valverde swore that Ernesto came home, a short distance from the derrick, very pale, and said he had been hurt because a lever slipped out of his hand. "He did not speak any more; he vomited blood." Deceased was a healthy man prior to the afternoon of December 26th. Two physicians gave expert opinions, from the circumstances stated to them, that Ernesto Hernandez died of cerebral hemorrhage caused by exertion. There was testimony showing that the depositions were freely and understandingly given, and it could be inferred that pressure had been brought to bear upon the witnesses to cause them to change their testimony.

[2] It is well settled that when witnesses make absolutely contradictory statements, a question of law is not thereby raised, but it is a question as to fact to be determined by a jury. Anderson v. Houston Motor Car Co. (Tex. Civ. App.) 131 S. W. 419; Weil v. Miller (Tex. Civ. App.) 215 S. W. 142. The first proposition and the fifth and seventh propositions are overruled.

[3] The conversation of Guadalupe Valverde with Ernesto Hernandez took place a few minutes after the injury had been inflicted, only a short distance from where it occurred, and the declarations of the man being made while he was almost in the death agony and appearing that they were the spontaneous utterances springing from the transaction and made in such a manner as to exclude any presumption that the remarks were premeditated or designed, the evidence was properly received. Missouri, K. & T. R. Co. v. Brown (Tex. Civ. App.) 135 S. W. 1076; St. Louis Southwestern R. Co. v. Moore (Tex. Civ. App.) 173 S. W. 904. The second proposition is overruled.

[4] The third proposition as applied to the testimony of Crispin Alcorta as to declarations of the deceased is overruled. The declaration was res gestæ, and the proposition is based on the premise that there was no testimony that deceased had been injured. That fact had been established, and the proposition is overruled.

[5] Under the theory of appellees which was established as a fact by testimony credited by the jury, the court was justified in permitting the hypothetical case to be propounded to the two physicians as to the cause of the death of deceased. The fourth and sixth propositions are overruled.

The judgment is affirmed.