## TEXAS EMPLOYERS' INS. ASS'N v. DAVIDSON et al. (No. 3001.)

Court of Civil Appeals of Texas. Amarillo. March 14, 1928.

Rehearing Denied April 10, 1928.

1. **Master and servant** ⬅405(4) — **Evidence held sufficient to show injury to physical structure of employee's body resulting from lifting pipe (Workmen's Compensation Law [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

Evidence *held* sufficient to show that employee in lifting pipe suffered a strain producing damage or harm to physical structure of his body within course of employment, entitling him to recover therefor under the Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).

2. **Master and servant** ⬅417(5)—**Finding that employee was totally incapacitated for certain period held not in conflict with finding of compensation for specified period on account of partial incapacity (Workmen's Compensation Law [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

Jury's finding in proceeding under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), that employee's incapacity was total for a period of 156 weeks, *held* not in conflict with finding that incapacity was temporary and not permanent, and that employee should receive compensation for 156 weeks because of partial incapacity, by which was evidently meant compensation for temporary incapacity.

Appeal from District Court, Wichita County; W. W. Cook, Judge.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by T. L. Davidson and others against the Texas Employers' Insurance Association to set aside an order of the Industrial Accident Board refusing plaintiff compensation under the Workmen's Compensation Law for an alleged injury. Judgment for plaintiffs, and defendant appeals. Affirmed.

See, also, 288 S. W. 471.; 290 S. W. 871.

Lawther, Pope & Lawther, of Dallas, for appellant.

Engelking & Dotson, of Electra, and Sam J. Dotson, of Vernon, for appellees.

JACKSON, J. This suit was instituted in the district court of Wichita county, Tex., by T. L. Davidson to set aside an order of the Industrial Accident Board refusing him compensation for an alleged injury, and to recover against the appellant, the Texas Employers' Insurance Association, under the Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. §306-8309) of this state.

T. L. Davidson alleges that on April 13, 1924, he was, and had been for some time, employed in the capacity of a common laborer by the American Refining Company, which carried compensation insurance, for the protection of its employees, with the Texas Employers' Insurance Association, the appellant herein; that in the course of his employment, while assisting to lift and carry a joint of pipe of great weight, he was injured; that the muscles and tendons in his side, back, and body were strained, and a tendon or muscle in his side broken; that his side, back, and lungs were injured by reason of lifting the joint of pipe, a tumor was caused to form on his side, and, as a result of his injuries, his health was broken and impaired, and he was rendered unable to work and continually suffered pain in his sides, body and lungs.

The appellant answered by general and special demurrers and a general denial.

No question is presented relative to the sufficiency of the pleadings, and the above we deem sufficient for a disposition of the errors assigned.

This is the second appeal of the case; the former appeal having been decided by the court of Civil Appeals at Fort Worth, and reported in 288 S. W. 471.

The court, in connection with the special issues submitted, gave special charges in explanation thereof to which no objection is made, and the jury, in response to the special issues, found, in effect, that T. L. Davidson sustained personal injuries on April 13, 1924, while in the course of his employment with the American Refining Company; that he was incapacitated for labor as the proximate result of the injury for a period of 156 weeks; that such incapacity was total and temporary, and that he should receive compensation on account of his partial incapacity for a period of 156 weeks; that his average daily wages were $4.50; and that manifest injus-

5 S.W.(2d)—64

tice and hardship would result unless Davidson was given a lump sum settlement.

On this verdict, the court rendered judgment against the appellant for the sum of $2,615.65, with interest thereon at the rate of 6 per cent. per annum, from which judgment this appeal is prosecuted.

[1] The appellant, by numerous assignments, which we shall consider together, assails as error the action of the court in rendering judgment against it, for the reason that the testimony in the record failed to show any damage or harm to the physical structure of the body of T. L. Davidson as a result of the injury he claimed to have suffered, and because there was no testimony showing any casual connection between the transaction in which Davidson claims to have received his injury and his subsequent incapacity for work.

The testimony tends to show that, prior to the alleged injury, appellee Davidson, who was approximately 50 years old, had always enjoyed good health, had always been able to and had performed manual labor all his life, and for approximately a year immediately preceding the injury he had been engaged in the same or similar work, for which he received $4.50 per day; that in lifting the pipe he was in a strain, and suddenly felt a keen pain in his side; that he stated to one of his coemployees that he believed he had been hurt; that he was advised by the foreman of the American Refining Company to lie down, and he would feel better shortly; that he did lie down, and worked no more that day; that a report of the accident was made by the foreman; that appellee Davidson returned on the following day and worked, but that on the next day he started to work, and the pain became so severe he returned to his home and lay down; that he did not return to his job any more, and, not having improved any in about a month, consulted a physician about his condition and a knot on his side; that, after a physical examination, he was advised by the doctor that the knot was the result of the rupture of a muscle, caused by a strain; that the physician wrapped tape around Davidson in an effort to relieve him, and kept him in his sanitarium for some weeks, but the appellee got no relief; that he left the sanitarium, and in June was running a temperature, had a tumor on his side, and a rale in each of the lower lobes of his lungs; that the strain from lifting the pipe could have produced or caused the injury from which Davidson was suffering; that, since the injury, he has continued to suffer with pain, has become nervous, and suffers pain immediately after taking any exercise, and that he sleeps very poorly on account of the pain in his side; that at the time of the injury he weighed from 142 to 145 pounds, and since that time, his weight has reduced and continues at about 125 pounds; that traumatism is a bruise re

sulting from a blow, and can be either direct or indirect, and that a strain in lifting could produce a traumatism or rupture of a muscle; that Davidson has not been able to perform any work or labor since; and that any effort on his part to do labor causes him to suffer intense pain.

The Court of Civil Appeals at Fort Worth, on the former appeal of this case, cited supra, held the testimony sufficient to show that the lifting or strain produced some disarrangement of some of the organs or some lesion occurred, which caused the pain from which Davidson was suffering. With this conclusion we are in accord. While the testimony set out above is sharply controverted as to the result of the injury suffered by appellee and its causal connection with his incapacity for work, that controversy was settled by the jury.

"When an appellate court undertakes to overturn the verdict of a jury, it must consider the evidence in the record most favorably for the plaintiff from the position of the injured party just before and at the time of the accident, rejecting all evidence favorable to the defendant. The jury had a right to so consider the evidence and the reviewing court must so consider it." Barron v. Houston, E. & W. T. Ry. Co. (Tex. Com. App.) 249 S. W. 825; Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S. W. 139; Progressive Lumber Co. v. Marshall & E. T. Ry., 106 Tex. 12, 155 S. W. 175; Employers' Liability Assurance Corporation v. Williams (Tex. Civ. App.) 293 S. W. 211; Easterling v. Simmons (Tex. Civ. App.) 293 S. W. 690; Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, and authorities cited.

[2] The appellant assigns as error the action of the court in rendering judgment against it on the findings of the jury, because the answer to special issue No. 4 that appellee's incapacity was total is in conflict with the answer to special issue No. 6 that appellee should receive compensation for a period of 156 weeks on account of his partial incapacity.

An analysis of the findings of the jury on the issues submitted, we think, renders this contention untenable. The answers of the jurors show that they found that Davidson was incapacitated for labor for a period of 156 weeks, which incapacity they found to be total, but that said incapacity was temporary and not permanent, and that he should have compensation on account of his partial incapacity for 156 weeks, evidently meaning compensation for his temporary incapacity. This construction is obvious because the court instructed the jury that, in the event they found that Davidson's incapacity was temporary, and only in such event, to determine for how many weeks he should receive compensation, and, if the jury should find that his incapacity was partial, and only in the event of such finding, to determine what percentage of in-

capacity resulted by reason of the injuries. The last question was not answered, and the jury evidently understood and awarded damages for total incapacity for a temporary period of 156 weeks.

The judgment is affirmed.