J. W. TAPLEY v. THE STATE.

No. 13046. Delivered February 19, 1930.
Reported in 25 S. W. (2d) 869.

The opinion states the case.

*W. W. Kirk* of Plainview, and *Dennis Zimmermann* of Tulia, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

Appellant pleaded guilty, but asked for a suspended sentence. According to his own testimony he was twenty-four years of age at the time he was tried in May 1929, but would become twenty-five on the 21st of December 1929. He said he was born on December 21, 1904. He was asked by the State on cross-examination, while a witness in his own behalf, if it was not true that he had broken jail on three different occasions, and admitted that he had. It was also developed in testimony that he was a deserter from the army. Appellant's insistence here is that the trial court erred in allowing the State to ask him in reference to his having broken jail, it being insisted that while evidence of flight is admissible as proving guilt, since guilt was admitted by appellant in his plea of guilty such testimony was inadmissible as affecting his right to a suspended sentence. We know of no rule forbidding the State, upon a plea of guilty, asking any witness before the jury relative to any matter bearing upon the question of the guilt of the accused. Proof of appellant's flight as evidenced by his breaking jail, was clearly provable.

Appellant asked a special charge seeking to have the jury told that they could not consider testimony relative to his having broken jail for any purpose in passing on his application for suspended sentence. We are cited to no authorities save Johnson v. State, 241 S. W. Rep. 484, and Sec. 366, Branch's Crim. Law. The effect of the Johnson case is merely to say that specific instances of misconduct

would not be provable as affecting the character of the accused. The section of Mr. Branch's work on Criminal Law referred to lays down various instances where it is held error not to limit testimony admitted. In Sec. 367 of the same work it is said that the rule requiring the court to limit and restrict the purpose for which certain testimony has been introduced, does not apply when the admitted testimony is admissible to prove the main issue. If there was any error in the action of the court below in refusing to limit this testimony, with which we are not in accord, the matter is one apparently not susceptible of any injury to appellant under the facts of this case. He admitted his guilt of transporting the intoxicating liquor. He made a written confession. He was found in possession of something over six gallons of such liquor. He was given the lowest penalty for the offense. The only relief sought by appellant was a suspension of sentence. Appellant became twenty-five years of age on December 21, 1929. Art. 689 of our P. C. specifically provides that no person over twenty-five years of age, convicted under any provision of the articles of this chapter relating to violations of the liquor law, shall have the benefit of the suspended sentence law. Appellant is now over twenty-five years of age. To reverse this case for the error, if any, in the refusal of the court to limit the testimony referred to, could be now of no avail, and would be doing a useless thing.

The judgment will be affirmed.

*Affirmed.*