LESLIE MEDLIN v. THE STATE.

No. 13394.   Delivered May 28, 1930.
Reported in 29 S. W. (2d) 752.

The opinion states the case.

*Hood & Shadle,* of Weatherford, for the appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being one year in the penitentiary.

Through field glasses officers watched appellant and three other parties load a truck and drive away from a house.   They saw them later unload from the truck a still which was rolled into a ravine.   The officers then searched the truck and found two hundred fifty-eight gallons of whiskey.   An examination of the house revealed barrels with the combined capacity of five or six hundred gallons; they were empty but had remnants of mash in them.   The truck belonged to appellant.   He did not testify and offered no evidence which raised any defensive issues, his evidence being limited to proof of his general reputation, and as to his age.   He was seeking a suspended sentence, contending that he was under twenty-five years of age.   (See Art. 689 P. C.)   The record shows that appellant's parents were named Lamb, but that appellant had gone into the district court and had his name changed to Medlin; however he was frequently called Lamb.

The mother of appellant testified that he was born on November 10th, 1904, and that he would not be twenty-five years old until November 10th, 1929.   The case was tried in October, 1929.   Appellant had bought the truck heretofore mentioned in August, 1929, at

which time he made a "credit statement," among other things, saying that he was twenty-six years old. By a deputy county clerk the state identified a record of births after which it introduced the record showing a birth certificate made by Dr. L. P. Lanier, showing the birth of a male child named "Lamb" on November 10th, *1903,* whose parents were O. D. Lamb and Rose Lamb, the date of the certificate being November 13th, 1903. Many objections were interposed to the introduction of the said record, among them being that it was hearsay and a statement made by some person not shown to be authorized to make said statement. So far as such general objections are concerned we are of opinion they were properly over-. ruled. Our statute on Vital Statistics (Art. 4477, R. C. S. 1925) requires physicians to make report of births by certificates, which certificates are also required to be recorded by the county clerk after which the original certificates are sent to the State Registrar of Vital Statistics. It is provided in Subdivision 57 of Art. 4477 that a certified copy of such birth certificate from the State Registrar "shall be prima facie evidence in all courts and places of such facts therein stated." The original record where such certificate was recorded was also admissible in evidence. The recording of birth certificates being required by law the same rule would obtain as applies to census returns, stated in Wharton's Criminal Evidence, Section 310k, vol. 1, page 803, which is quoted in Tinker v. State, 99 Tex. Cr. R. 369, 269 S. W. 778. The authorities cited therein are decisive of the point now under consideration.

A specific objection interposed to the introduction of the record of the birth certificate was "that it failed to identify the infant named therein as 'Lamb' as the defendant." It would not be necessary that such identification come alone from the certificate itself. That might be shown from other evidence.

If an error had occurred regarding the suspended sentence question it is difficult to see how any benefit could result to appellant on another trial, as he is already now past twenty-five years of age. Tapley v. State, 25 S. W. (2d) 869; McLaren v. State, 85 Tex. Cr. R. 31, 209 S. W. 669; Watson v. State, 90 Tex. Cr. R. 576, 237 S. W. 298.

The judgment is affirmed.

*Affirmed.*