**TEXAS STATE HIGHWAY DEPARTMENT
v. BUTLER et al.**

No. 5870.

Court of Civil Appeals of Texas. Texarkana.
Feb. 5, 1942.

Rehearing Denied Feb. 12, 1942.

Gerald C. Mann, Atty. Gen., and Geo. W. Barcus, Wm. J. R. King, and Wm. J. Fanning, Asst. Attys. Gen., for appellant.

Herbert Line, of Texarkana, and W. A. Combs, and Chris Dixie, both of Houston, for appellees.

JOHNSON, Justice.

This suit was filed by appellees, the widow and minor children of J. H. Butler deceased, under Acts of 1937, 45th Legislature, p. 1352, Chapter 502, Article 6674s, Vernon's Texas Civil Statutes, making the provisions of the Workmen's Compensation Law, R.C.S. Article 8306 et seq., Vernon's Ann.Civ.St. art. 8306 et seq., applicable to certain employees of the State Highway Department of Texas. The action is one to recover for the death of said deceased, resulting from alleged accidental injury to his heart, sustained April 12, 1939, while

repairing a road roller, in the course of his employment with the State Highway Department of Texas. Trial to a jury resulted in a verdict and judgment for plaintiffs. Defendant appealed.

■ Appellant's first proposition makes a contention that the trial court erred in overruling its motion for a directed verdict, because the evidence is insufficient to raise an issue that Butler sustained the alleged injury or that such injury, if sustained, was the producing cause of his death. Mrs. Butler testified in substance that at the time of the alleged injury and for nearly six years prior thereto, Butler worked as a mechanic for the State Highway Department of Texas, and for about six years prior to that time he was an employee of the Texarkana Fire Department; that he was strong, robust and had no previous illness of any character; that he was active, industrious, always after returning home from work he would keep busy, gardening, cutting wood, clearing land and generally improving the 9-acre farm on which he and his family lived; that on the morning of the accident he ate his breakfast and appeared to be perfectly well; that he looked and acted as usual and made no complaint of feeling bad. Butler and Johnnie Federick, who was also an employee of the State Highway Department, drove to a point on Highway No. 11, near De Kalb, in Bowie County, to repair a road roller used in the highway work. Butler and Federick were the only persons present at the time of the accident. Federick testified that in repairing the road roller they each used iron bars about three feet long; that Butler was lying down on his right side, prizing, while Federick was standing and jarring the road roller, trying to jar or prize loose something that had stuck in the roller; that the iron bar with which Butler was prizing would slip occasionally while he was pulling down on it, and he would tell Federick to wait, and then he would replace the bar, prize or pull down on it, and tell Federick to jar. While engaged in such operations, Butler would put the bar in place with one hand and hold himself up with the other hand, and after the bar had slipped loose several times, Butler stopped and complained that he had a catch in his left side: "After he said he caught a catch in his side he got up and made a cigarette, and smoking it, he stood around there a minute or two, and complained about it—he told me

it just looked like a knot in his side and he just put his hand on his side, but I wouldn't know how low or how high, he just said he caught a catch in his side and guessed it would be out in a few minutes * * * a little knot, looked like, in his side." That Butler spoke of the catch in his side two or three times while smoking the cigarette, after which they returned to work; that before receiving the catch in his side, Butler was hurrying with the work, but afterwards Butler "kind of slowed up a little." At noon Butler ate an apple and gave the rest of his lunch to Federick, saying he did not feel like eating. On the way home that evening, Butler stopped at Corley and said, "I believe I will drink a coke here, it might make me feel better." Mrs. Butler testified that when Butler came home that evening, about 5 o'clock, he sat down and said, "I feel awfully bad, I am hurting plumb to my elbow"; that he rubbed his left side in the region of his heart and complained of pain "all through there"; that he was short of breath and his breathing was hard; that during the following month he would get along all right if his work was easy, but if his work was hard he would come home completely exhausted, breathing hard and was not able to work about the place. He said it seemed like he had indigestion and gas on his stomach, and that soda would relieve it. He continued to take soda more often; that prior to the accident he was a sound sleeper and after the accident he had to be propped up in bed in order to breathe without choking; that early Saturday morning preceding his death on Thursday, May, 11, 1939, the sensations of indigestion and choking became so painful that he went to the hospital at Atlanta, Texas, where he was given a prescription by Dr. Grumbles and sent home; in the afternoon of the same day the choking and cramp-like pain not having been relieved, he returned to the hospital and was given another prescription and returned home; Monday morning he was still not relieved, he went to the breakfast table but could not eat and had to be assisted back to bed; Tuesday night he began spitting up blood and his legs began to swell; past midnight Wednesday morning he was again taken to the hospital where he continued to grow worse and died Thursday morning. Dr. H. L. Alexander and Dr. Joe Tyson both testified in answer to hypothetical questions incorporating material facts above related

that, in their opinion, Butler's death was caused by injury to his heart sustained while working on the road roller, that the history, symptoms and progressiveness of his illness indicated that he had sustained a strain or rupture of some muscles or vessels of the heart, producing coronary occlusion or decomposition; that "If the heart is able to carry on its normal work it is compensating, and if it is not, it is decompensating, and this man apparently went on until he had complete decomposition, until he died, and the shortness of breath is one of the main evidences, the pain in the chest that continued and grew progressively worse; the swelling of his feet are typical symptoms of the failing heart, and the spitting up of blood." We think the testimony was sufficient to raise the issues as to whether Butler sustained accidental injury on the occasion in question, and as to whether such injury was a producing cause of his death. Carter v. Travelers Ins. Co., 132 Tex. 288, 120 S.W.2d 581; Employers' Casualty Co. v. Roland, Tex. Com.App., 1 S.W.2d 568; Southern Underwriters v. Hoopes, Tex.Civ.App., 120 S.W. 2d 924, writ dismissed; Indemnity Ins. Co. of North America v. Jago, Tex.Civ.App., 49 S.W.2d 943, writ dismissed; Southwestern Surety Ins. Co. v. Owens, Tex.Civ. App., 198 S.W. 662; Texas Employers' Ins. Ass'n v. Davidson, Tex.Civ.App., 288 S.W. 471; Id., Tex.Civ.App., 5 S.W.2d 1008; Southern Casualty Co. v. Hernandez, Tex.Civ.App., 297 S.W. 544; Maryland Casualty Co. v. Rogers, Tex.Civ.App., 86 S.W.2d 867; Travelers Ins. Co. v. Johnson, Tex.Civ.App., 84 S.W.2d 354; Theago v. Royal Indemity Co., Tex.Civ.App., 70 S.W.2d 473; Texas Employers Ins. Ass'n v. Shifflette, Tex.Civ.App., 91 S.W.2d 787; Texas Employers' Ins. Ass'n v. Lovett, Tex.Civ.App., 19 S.W.2d 397.

■ Propositions 2 and 3 complain of special issue No. 1 contained in the court's charge to the jury, reading: "Do you find from a preponderance of the evidence that J. H. Butler sustained an injury to his heart on or about April 12, 1939, while prying on a road roller on the De Kalb road?" Proposition No. 4 complains of special issue No. 4 submitted to the jury and reading as follows: "Do you find from a preponderance of the evidence that such injury to his (Butler's) heart, if any you have found J. H. Butler sustained on or about April 12, 1939, was a producing cause

of his death?" It is contended that appellees alleged only that Butler received a strained heart, and that the above-quoted special issues are each erroneous because "it did not restrict the injury received by J. H. Butler to a strained heart, as pleaded, but goes further and beyond the pleadings, and allowed or authorized the jury to speculate as to whether J. H. Butler received any type of injury to his heart other than the injury pleaded by appellee, to-wit, a strained heart." Appellees alleged "that he received a severe strain while attempting to pry with a crowbar, straining and injuring himself in the region of his heart and injuring the muscles, ligaments, tendons, nerves and other structures of the heart and body * * *." We do not think that the trial court erred, as contended, in failing to restrict the inquiries contained in special issues No. 1 and No. 4 to a strained heart. Southern Underwriters v. Boswell, 158 S.W.2d 280, decided by the Supreme Court, January 7, 1942, not yet reported [in State Reports].

■ Propositions 5, 6, 7, 8, and 9 complain of the court's refusal to submit to the jury appellant's requested special issues Nos. 7, 8, 9, 10, and 11, respectively. These propositions are overruled, for the reason that each of said requested special issues, in different forms, related to the inquiry which was properly covered by special issue No. 5 contained in the court's main charge, reading as follows: "Do you find from a preponderance of the evidence that the death of J. H. Butler was not due solely to disease?" Guzman v. Maryland Casualty Co., 130 Tex. 62, 107 S.W.2d 356; Consolidated Underwriters v. Christal, Tex.Civ.App., 135 S.W.2d 127, writ refused.

■■ The tenth proposition complains of the court's refusal to submit to the jury appellant's requested special issue No. 12, inquiring as to whether Butler "died from an unknown cause." There is no circumstance in the record raising an inference that Butler died from an unknown cause. The testimony affirmatively shows that he died as the result of accidental injury or from disease. The court in his main charge properly submitted the issues raised as to the cause of Butler's death, in answer to which the jury found that he sustained accidental injury to his heart on April 12, 1939, while prizing on the road roller, and that such injury was a producing cause of

his death (producing cause being defined to the jury as meaning: "That cause which, in a natural and continuous sequence produces death, and without which the death would not hav,e occurred"), and the jury further found that Butler's death was not due solely to disease. It was sufficient for the plaintiff to show that the injury was a producing cause of the death, Travelers Ins. Co. v. Peters, Tex.Com.App, 14 S.W. 2d 1007, and that disease was not the sole cause of death. Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72.

Propositions 11, 12, 13 and 14 complain of the action of the trial court in admitting in evidence over appellant's objections a certified photostatic copy of the record of death of J. H. Butler. The original death certificate was executed by Dr. Joe Nichols of Atlanta, Texas, the physician who treated Butler during his last illness, and appears to have been proply recorded. The certified photostatic copy of the record of such death certificate in the Bureau of Vital Statistics was certified to under the hand and seal of W. A. Davis, M. D., State Registrar of Vital Statistics. Appellant objected to the introduction of the instrument on the grounds, in substance, that it was an unsworn statement of the attending physician as to the cause of Butler's death; and that the statute, Article 4477, Rule 54a, Vernon's Texas Civil Statutes, is unconstitutional in providing that a certified copy of the record of deaths shall be prime facie evidence of the facts therein stated. Validity of the statute appears to have been recognized in the following authorities: Southland Life Ins. Co. v. Brown, Tex.Civ.App., 121 S.W.2d 653; American National Ins. Co. v. Valencia, Tex.Civ.App., 91 S.W.2d 832; Hurley v. Hirsch, Tex.Civ.App., 66 S.W. 2d 387; Medlin v. State, 115 Tex.Cr.R. 115, 29 S.W.2d 752; Washington National Ins. Co. v. Chavez, Tex.Civ.App., 106 S.W. 2d 751; Universal Life & Accident Ins. Co. v. Ledezma, Tex.Civ.App., 61 S.W.2d 165; Gladney v. Gladney, Tex.Civ.App., 24 S.W.2d 96; 17 T. J. Sec. 280, p. 663. Regardless of its admissibility, we do not think that prejudicial error is shown in the introduction of the record of the death certificate in question. The particular part complained of by appellant as being prejudicial was the statement that Butler's death was caused by "acute cardiac decomposition." Which statement was not contradictory of, but tended to support appellant's defense that death resulted solely from disease.

The judgment of the trial court is affirmed.