## TEXAS EMPLOYERS' INS. ASS'N v. FLETCHER.

### No. 5886.

Court of Civil Appeals of Texas. Amarillo.
Sept. 7, 1948.

Rehearing Denied Oct. 18, 1948.

Underwood, Wilson, Sutton, Heare & Boyce, of Amarillo, for appellant.

Merchant & Jordan, of Amarillo (E. E. Jordan of Amarillo, of counsel), for appellee.

LUMPKIN, Justice.

In this workman's compensation case the appellee, E. W. Fletcher, was the employee.

The appellant, Texas Employers' Insurance Association, was the compensation insurance carrier, and C. L. Richards was the employer.

On December 31, 1946, while employed as a carpenter at Amarillo by C. L. Richards, the appellee's feet slipped out from under him and he fell in a sitting position. The appellee alleged that from this accident he sustained personal injuries which incapacitated him totally and permanently. To these allegations the appellant pleaded a general denial, partial and temporary incapacity, and claimed credit for eleven weeks compensation ($220) previously paid to the appellee, and by trial amendment the appellant pleaded the defense of prior accident.

Trial was to a jury. To the special issues submitted the jury returned a verdict finding that the appellee on December 31, 1946, in the course of his employment, had sustained an injury to his back; that the appellee was totally incapacitated for eighteen weeks and fifty percent partially incapacitated for a period of one hundred eighty weeks. The court entered judgment for the appellee allowing him compensation for eighteen weeks at the rate of $20 per week and one hundred eighty weeks compensation at the rate of $18.50 per week, subject to credit of $220, the amount previously paid the appellee. From this judgment the appellant has duly perfected his appeal to this court.

The appellant attacks the judgment of the trial court in four points of error, contending first that the evidence was insufficient to support the jury's finding of a fifty percent partial incapacity lasting one hundred eighty weeks.

The record reveals that the appellee was injured while working on the roof of a building under construction. The appellee's feet slipped out from under him and he fell on the roof to a sitting position. Suffering considerable pain in the lower part of his spine, the appellee crawled from the roof, laid down in an adjoining building, and worked no more that day. Following this accident he was under treatment in the hospital for a number of days and under a physician's care for several months. Since that time he has been employed intermittently as a foreman but has been unable, because of the climbing and lifting, to do the work of a carpenter. One of his physicians, Dr. Sam K. Broyles, testified that the appellee was not able to do heavy manual labor while his other medical witness, Dr. George T. Royse, testified that the X-rays showed a crack in the transverse process of the fifth lumbar vertebra, that the transverse process of the fourth lumbar vertebra is pointing upward, and that in his opinion the fracture or break in the transverse process is attributable to an injury. The witness said that the appellee needed further treatment or hospitalization, and if the appellee did not receive the treatment or hospitalization, he could not give any opinion as to the length of time it would take such a fracture to heal. Dr. Royse continued by saying that the appellee was not able to do a carpenter's work.

Questions concerning the sufficiency of the evidence must be reviewed by the appellate court from the position most favorable to the injured party. Texas Employers' Ins. Ass'n v. Davidson et al., Tex. Civ.App., 5 S.W.2d 1008. The evidence shows that the appellee was totally incapacitated for a period of time after which he was partially disabled. His disability continued to the day of the trial, and neither of the medical witnesses noted any appreciable improvement in his condition, which it would be reasonable to expect would continue for some time. True, there is no evidence as to the number of weeks such partial disability might be expected to continue, but neither is there any testimony that the appellee did not suffer such partial incapacity, or that his condition was improving, or that his incapacity might be expected to terminate at a given date. The appellee testified in detail about the injury he had received, the pain he had suffered, and about his frequent attacks of cystitis. During the course of his testimony he stated his back was hurting and his kidneys were bearing down. He said sometimes his condition seemed better and again seemed worse, and that he was unable to do physical labor. There was also testimony to this effect from appellee's wife.

Our courts have held that in cases of this nature the duration of the disability is at best an estimate which must be determined by a jury from all the pertinent facts before it, and although no medical expert estimated the probable time of the appellee's possible disability, such was not necessary—the jury was in a position to make its own estimate. In our opinion the evidence is sufficient to support the jury's finding and appellant's point of error is overruled. Traders & General Ins. Co. v. Snow, Tex.Civ.App., 114 S.W.2d 682, dismissed; Western Casualty & Surety Co. v. Mueller, Tex.Civ.App., 169 S.W.2d 223, Ref. want merit; Employers' Reinsurance Corporation v. Jones, Tex.Civ.App., 195 S.W.2d 810, Ref. n. r. e.

The appellant's second complaint grows out of the manner in which the trial court submitted the special issue concerning the appellant's defense of prior accident. As stated above the appellant filed a trial amendment pleading as a defense two accidents previously suffered by the appellee. The first of these was an automobile accident occurring about 1929 as a result of which the appellee instituted a suit against the Prairie Pipeline Company and others. The second of these accidents occurred about 1931 in the vicinity of Kilgore, Texas, and resulted in an injury to the appellee's side for which he was subsequently paid a small amount of compensation.

The trial court submitted the appellee's theory of prior accidents in special issue Number 5. This special issue reads as follows:

"(a) Do you find from the preponderance of the evidence that any injuries sustained by the plaintiff, either in Oklahoma or in East Texas, or at both places, before December 31, 1946, are not the sole cause of his incapacity, if any, to labor?

"Answer: 'They are not the sole cause,' or 'They are the sole cause.' "

The jury answered, "They are not the sole cause." The court then charged: "If you answer subdivision (a) of this issue 'They are not the sole cause,' then answer:

"(b) Do you find from the preponderance of the evidence that said injuries so sustained by the plaintiff before December ber 31, 1946, do not increase his incapacity, if any, to labor?

"Answer: 'They do not,' or 'They do.' " The jury wrote "They do not."

The court instructed the jury that if they had answered subdivision (b) in the affirmative, then they would estimate the percentage of the plaintiff's incapacity sustained by him due to the injuries of December 31, 1946. The jury, having answered in the negative, made no answer to this question.

The appellant contends that art. 8306, Sec. 12c, Vernon's Revised Civil Statutes, is applicable to such a situation as is presented in this case. The statute reads as follows: "If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury".

The appellant argues that the court should have inquired whether the previous injury contributed to his incapacity to work, rather than inquiring whether the prior injury increased the appellee's incapacity to work. In our opinion the language in which special issue number 5 is submitted sufficiently complies with the statute. We can see no substantial difference between an inquiry as to whether a previous injury contributes to the incapacity caused by a second injury and an inquiry as to whether a previous injury increases the incapacity of a second injury. For this reason, the appellant's point of error is overruled. Hartford Accident & Indemnity Co. v. Leigh, Tex.Civ.App., 57 S.W.2d 605; Texas Employers' Ins. Ass'n v. Pugh, Tex.Civ.App., 57 S.W.2d 248, dismissed.

Next the appellant asserts that the trial court erred in refusing to submit to the jury defendant's requested special instruction number one. The appellant points out that the admissibility of the testimony of Dr. Royse depends upon a preliminary question of fact; namely, whether it was

true, as Dr. Royse testified, that he reached his conclusion that the appellee was not able to do carpenter work from examination and a study of the X-rays without reference to what the appellee had told him. The jury, the appellant contends, should pass upon this preliminary question under appropriate instruction, and it was for this reason that the appellant offered requested special instruction number one.

The record reveals that Dr. Royse testified that from his examination of the appellee he had concluded that the appellee was unable to do a carpenter's work. Dr. Royse stated that aside from what the appellee had told him about his condition, based upon a physical examination and a study of the X-rays, he was able to say that in his opinion the appellee was unable to do the work of a carpenter. Dr. Royse had never treated the appellee. His examination of the appellee was solely for the purpose of testifying in this case.

Our courts have held that where the medical witness's testimony is based upon objective symptoms and the study of X-rays and not upon subjective symptoms related by the patient, the doctor's testimony is admissible. Traders & General Insurance Co. v. Milliken, Tex.Civ.App., 110 S.W.2d 108; Texas Employers' Ins. Ass'n v. Wells, Tex.Civ.App., 207 S.W.2d 693, Ref. n.r.e.

Dr. Royse had previously stated on direct and cross examination that the statements made by the appellee to him did enter into his conclusions, but upon a redirect examination the doctor testified in substance that he would have reached the same conclusion based solely upon his study of the X-rays and his examination of the appellee. The appellant argues that after Dr. Royse's last statement, the trial court was no longer entitled as a matter of law to exclude his testimony, but that the preliminary fact question should be determined by the jury under appropriate instructions from the court. Therefore, the appellant requested, and the court refused, defendant's requested special instruction number one which reads as follows: "The testimony borne by Dr. Royse in response to the questions prepounded by the plaintiff's counsel, Mr. Jordan, inquiring with respect to the doctor's opinion of plaintiff's ability to perform manual labor, is admissible only if the same is based solely upon any physical and X ray examination made by the doctor, independent of what plaintiff may have told the doctor, and is inadmissible if to any extent it depends upon what plaintiff told the doctor. If therefore you conclude that the opinion expressed by the doctor depends to any extent upon what the plaintiff told the doctor, then such testimony is withdrawn from you and you will not consider the same for any purpose."

Although Dr. Royse's testimony consisted of his opinions, it was not contradicted, and it lay within the sound discretion of the jury to accept or refuse any portion of his statement. In our opinion the instruction asked by the appellant was unnecessary and for this reason we overrule the point of error. National Life & Accident Co. v. Muckelroy et al., Tex.Civ. App., 40 S.W.2d 1115; Texas Employers' Ins. Ass'n v. Humphrey, Tex.Civ.App., 140 S.W.2d 313, writ refused, and the cases there cited; Blackburn v. Blackburn, Tex. Civ.App., 163 S.W.2d 251; Texas Employers' Ins. Ass'n v. Wright, Tex.Civ.App., 196 S.W.2d 837, Ref. n.r.e.

In its fourth point of error the appellant contends there is a conflict in the jury's findings and that the court erred in rendering judgment for eighteen weeks total incapacity and one hundred eighty weeks of fifty percent partial incapacity.

In this connection the court charged the jury as follows: "In connection with the issues on total incapacity and partial incapacity, you are instructed that total incapacity and partial incapacity cannot exist at the same time."

The jury found that the length of time of total incapacity was eighteen weeks and partial incapacity was one hundred eighty weeks and that the percentage of partial incapacity was fifty percent. The court's judgment takes into consideration the payment of eleven weeks compensation ($220) already paid to the appellee. The testimony in this case shows that immediately following the injury there followed a period from

December 31, 1946, to about April or May of 1947, when appellee was totally incapacitated, and that following this period he resumed work more or less regularly. Further, the evidence shows that the appellee since the period of total disability has suffered disability in some degree. Presumably the jury found that following the eighteen weeks of total incapacity the appellee suffered one hundred eighty weeks of fifty percent partial incapacity. Under these findings the trial court properly entered judgment for the partial incapacity to begin at the end of the eighteen weeks total incapacity. We see no conflict in the jury's answers to these special issues, and we find no error in the court's judgment. Fidelity & Casualty Co. of New York v. Branton, Tex.Civ.App., 70 S.W.2d 780; Commercial Casualty Ins. Co. v. Strawn, Tex.Civ.App., 44 S.W.2d 805; Traders & General Ins. Co. v. Ross, 131 Tex. 562, 117 S.W.2d 423; Texas Employers' Ins. Ass'n v. Wells, supra.

We have carefully reviewed the record in this case. We find no error and the judgment of the trial court is affirmed.